### FOSTER et al. v. CLEVELAND, C., C. & ST. L. RY. CO.

(Circuit Court, S. D. New York. June 15, 1893.)

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP — DENIAL—BURDEN OF PROOF.
    Where diverse citizenship is sufficiently alleged for the purpose of showing federal jurisdiction, but is denied by defendant, the burden of proof is on defendant, and, if no proof is offered, the jurisdiction is sustained; and this rule is not changed in those states under whose statutes (adopted by Rev. St. § 914) the denial must be made in the answer.

2. CARRIERS—DISCRIMINATION—INTERSTATE COMMERCE LAW.
    The action of a railroad passenger agent in guarantying that a theater troupe, to whom he sells a party-rate ticket, shall arrive at their destination at a given time, is not the giving of an undue or unreasonable preference or advantage, within the meaning of the interstate commerce law, (24 Stat. 380, § 3.)

3. PAROL EVIDENCE—ADMISSIBILITY.
    In an action to recover damages against a railroad company for failure to carry plaintiffs' theater troupe to their destination on time, whereby they missed their engagements, it was not error to permit plaintiff to give oral evidence that he was to receive 75 per cent. of the box receipts, although the agreement to that effect was in writing.

4. MEASURE OF DAMAGES—BREACH OF CONTRACT.
    In such an action, plaintiffs are entitled to recover the damages suffered on account of the engagements actually missed by the delay; but damages accruing on account of other engagements, which they might have kept but for the breaking up of the troupe through failure to pay the

performers, which failure was due to the loss of the box receipts of the engagements missed, are too remote to have been in the contemplation of the parties, and cannot be recovered.

At Law. Action by William H. Foster and others against the the Cleveland, Cincinnati, Chicago & St. Louis Railway Company to recover damages for breach of contract. Verdict and judgment for plaintiffs.

Henry Melville, for plaintiffs.
Joseph M. Keatinge and John T. Dye, for defendant.

WHEELER, District Judge. This suit is brought for not carrying the plaintiffs' opera troupe from Peoria, Ill., to Louisville, Ky., on time. The complaint alleged that the plaintiffs were citizens of New York. The answer denied this allegation. Upon the trial the plaintiffs' evidence tended to show that their troupe was at Peoria on Saturday, December 6, 1890, and was well known, and very valuable, for which they had a series of engagements, beginning Monday evening, December 8th, at Louisville, and other southern cities; that a district passenger agent of the defendant, having authority to make rates for transportation of passengers, and assuming to have full authority, applied to them to go over his line, and was informed, in detail, that not to arrive at Louisville at about 8 o'clock Monday morning would be very disastrous to the company and the engagements, and upon it guarantied that for the regular party rate the troupe should have a through car leaving Peoria at about 7 o'clock Sunday evening, over the defendant's line to Crawfordville, and over the Monon line to Louisville, and arrive there at about 8 o'clock Monday morning; that they arrived Tuesday, and were too much fatigued, from the delay and exposure, to play that evening, and were broken up, and engagements were lost. The defendant's evidence tended to show that the agent had no authority to make special contracts, and that no guaranty was given. No evidence was given as to the citizenship of the plaintiffs, nor question made about jurisdiction. The jury was charged that private limitations upon the agent's authority would not govern, unless disclosed, and to find for the plaintiffs, if the guaranty was given, and for the defendant, if not. They found for the plaintiffs with $750 damages for the loss of the engagement for Monday evening, $500 for the loss of that Tuesday evening, $3,750 for loss of rest of engagements, and $5,000 for breaking up the troupe.

The defendant, on this motion for a new trial, insists that the verdict should be set aside for want of proof of citizenship to give jurisdiction; for want of authority of the agent to give the guaranty; because the guaranty would be contrary to the interstate commerce laws, and void; and because one of the plaintiffs was permitted to testify that their share of the gross receipts would, under a written contract for the opera house, be 75 per cent. without producing the contract, or accounting for its loss, further than to show that it was in the hands of an agent who, on inquiry for it, had written that it

was in his trunk, which had been lost; and for newly-discovered evidence as to the value of the troupe.

Before the act of 1872, (Rev. St. § 914,) beyond doubt, where jurisdiction of the courts of the United States was alleged, the burden, both of allegation and proof, rested upon whomsoever would defeat it. Sheppard v. Graves, 14 How. 505. By the laws of New York, Ohio, and some other states, adopted by this statute, such allegations must be made in the answer. Draper v. Springport, 15 Fed. Rep. 328; Refining Co. v. Wyman, 38 Fed. Rep. 574. If these statutes changed the form, mode, and time of such pleading, they did not obviate the necessity, nor alter the burden, of proof. Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. Rep. 521; Refining Co. v. Wyman, 38 Fed. Rep. 574. And, if this denial was a sufficient allegation of want of diverse citizenship, under the act of 1875, there was no proof to make the want appear, as that act requires. Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. Rep. 501. Thus the original allegation of citizenship has not been overthrown, as required by law to defeat it, but has stood.

That private limitation upon the authority of the district passenger agent, not disclosed, would not bind the plaintiffs in dealing with him, within his apparent and assumed authority, would seem to be elementary. Butler v. Maples, 9 Wall. 766.

The interstate commerce law made giving "any undue or unreasonable preference or advantage to any particular person, firm," etc., unlawful. 24 Stat. 380, § 3. If this guaranty was such undue or unreasonable preference or advantage, no action would arise upon it. That the transportation was had upon party-rate tickets did not make anything about it undue or unreasonable. Interstate Commerce Commission v. Railroad Co., 145 U. S. 263, 12 Sup. Ct. Rep. 844. The transportation was not, and was not to be, any different from what any party might have had upon the same train. The substance of the guaranty was that such connection should be made at Crawfordville as would take the troupe through in time. This was not anything undue, but was what was due, and if it was not undue it was not unreasonable. If the connection had been made, and the arrival at Louisville accomplished, exactly as the agent of the defendant guarantied they should be, the defendant would have incurred no penalty or liability, and have broken no law. Therefore the guaranty does not seem to be void because against law.

This action is not brought upon the written contract by which the plaintiffs were to have 75 per cent. of the gross receipts for performances; neither was it between these parties. The extent of the plaintiffs' interest in the receipts lost by being kept from performance was important only upon the question of damages. What one of the plaintiffs testified to was this interest, which was none the less admissible because a written contract would show the same thing. Bank v. Kennedy, 17 Wall. 19.

No valid reason has been made to appear for setting aside the finding for the plaintiffs. The verdict, as to damages, is special, and judgment may be rendered upon it according to the extent

to which the defendant should be held liable. The loss of the performances advertised for Monday and Tuesday evenings, for which the jury found $750 and $500, respectively, was a direct consequence of the delay on the journey; but that delay did not prevent keeping other subsequent engagements. The breaking up of the troupe was due to failure to pay the performers. The expected receipts for Monday and Tuesday evenings would have enabled the plaintiffs to pay them; but a like amount of money from any other source would also. The breaking up of the troupe prevented keeping further engagements, and the loss, after that of the two performances which the delay prevented, was the consequence of not paying the performers. The damages would be such as the parties contemplated, in making the arrangement, would follow from the failure to carry it out. The loss from failure to arrive in season to give performances which the parties knew the troupe was going to Louisville to give would come fairly within the contemplation of the parties. The loss from failure to pay the performers would not.

The defendant does not appear to have used such diligence about discovering the new evidence as to require or justify setting aside the verdict for it, if material. This conclusion, however, renders it wholly immaterial.

Motion denied. Judgment on verdict for $1,250.