BALPH et al. v. RATHBURN CO.

(Circuit Court of Appeals, Third Circuit. September 30, 1896.)

No. 14, Sept. Term, 1896.

PLEADING—AFFIDAVIT OF DEFENSE—REMOTE AND SPECULATIVE DAMAGES.

In an action to recover the price of cement sold and delivered, defendants filed an affidavit of defense (under the Pennsylvania practice) which averred that defendants fraudulently furnished inferior cement, and, among other things, set up the impairment of the value of patents owned by defendants, and the loss of other contracts, because of the defects resulting from the use of such cement by them in the particular building under construction. *Held,* that these items were too remote and speculative, and, as the affidavit did not show what part of the total damages claimed could be ascribed to the other legitimate causes set up (repairs, replacement, etc.), it must be held insufficient.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This was an action at law by C. A. Balph and E. P. S. Wright, trading as the Columbian Fire-Proofing Company, against the Rathburn Company, to recover a balance alleged to be due on the price of certain cement sold and delivered. The circuit court held the affidavit of defense filed by the defendant to be insufficient, and rendered judgment against it. The defendant appeals.

R. A. Balph, for plaintiff in error.

H. Burgwin and G. C. Burgwin, for defendants in error.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The plaintiff sued to recover four thousand two hundred and seventy dollars and forty-six cents, being a balance due for cement sold the defendant. The latter filed

an affidavit of defense in which, after claiming a credit for $1,091.83 paid on account, and $148.53 for bags returned, it is claimed to set off damages arising from the plaintiff's failure, as alleged, to deliver such quality of cement as it undertook to do,—the damages exceeding the plaintiff's demand. After specifying particularly how the damages arose the affidavit epitomizes as follows:

"That defendants have been damaged by the wrongful acts of plaintiff, in fraudulently furnishing inferior cement as aforesaid; in the extra cost and expense occasioned defendants in taking out and replacing broken floors in said Simpson Building, as aforesaid, in loss and expense occasioned by the repairs in said buildings, as aforesaid; in the loss of contracts, as aforesaid, and in the impairment of the value of said patent owned by defendants, as aforesaid, in the sum of 4,432 $^{67}/_{100}$ dollars."

The circuit court held the affidavit to be insufficient, under the law and practice here, and entered judgment for the plaintiff, after allowing the credits claimed for payment and bags returned. The defendant appealed, and now assigns this act of the court as error.

Is the affidavit insufficient? The law requires affidavits of defense to be so specific as to inform the plaintiff of the character of the defense he is required to meet, and to enable him to take judgment for such balance of his claim as is not covered by the defense set up. If the affidavit in the case before us had omitted the claim for damages on account of "loss of contracts" (which the plaintiff had hoped to obtain if its work on the one in hand should be successful) and on account of "impairment of the value of patents owned by the defendant," and had ascribed the $4,432.67 damages to the other causes of loss specified, it would have been sufficient. A legitimate defense would thus have been presented, covering the plaintiff's entire claim; and the plaintiff would have been sufficiently informed of its character. But these two alleged sources of damage, and grounds of defense, to which a part of the $4,432.67 of loss set up is ascribed, cannot be considered; if proved they would not constitute a defense. Neither argument nor authority is required to show that the alleged injury from loss of contracts, and prejudice to patents, could not be set up as a defense. The allegation rests on pure speculation; and such loss if proved would be too remote. The plaintiff could not foresee or contemplate it. What part of the $4,432.67 damages should be ascribed to the legitimate defense set out does not therefore appear. If it did and the amount fell short of the plaintiff's claim, he might have taken judgment for the balance. It is thus seen that the affidavit is insufficient, and that the court was right in entering judgment.

The judgment is therefore affirmed, with costs.