HOLT v. HOLT ELECTRIC STORAGE CO.

(Circuit Court, E. D. Pennsylvania. March 25, 1897.)

1. PLEADING—AFFIDAVITS OF DEFENSE.

The allegation, in an affidavit of defense filed by a corporation, that the plaintiff "never paid into the treasury of the said defendant company" the money for which the instruments in the statement of claim were given, is not good, as the allegation may be true, and yet the plaintiff entitled to recover.

2. CORPORATIONS—BREACH OF PROMISE MADE TO SERVANT.

The breach of a promise made by plaintiff to a servant of the defendant corporation, who in accepting that promise in no way acted for or represented the corporation, cannot be set up in defense to an action against the corporation itself.

3. SAME—SET-OFF OF STOCK LIABILITY.

To entitle a corporation to set off a stock liability, it is requisite that the stock should have been issued as full paid, or that a regular call should have been made; and an affidavit of defense filed by a corporation, alleging that the plaintiff has not "fully paid" for stock which he holds, is not sufficient.

Albert B. Weimer, for plaintiff.
Walter E. Rex, for defendant.

DALLAS, Circuit Judge. "The law requires affidavits of defense to be so specific as to inform the plaintiff of the character of the defense he is required to meet, and to enable him to take judgment for such balance of his claim as is not covered by the defense set up." Balph v. Rathburn Co., 21 C. C. A. 584, 75 Fed. 971. Tested by this requirement, the affidavit of defense in this case is manifestly insufficient. If not purposely evasive, it, at least, is lacking in reasonable clearness and precision. The allegation, several times repeated, that the plaintiff "never paid into the treasury of the said defendant company" the money for which the instruments set forth in the statement of claim were given, may be true and yet the plaintiff be entitled to recover. The breach of a promise made by the plaintiff to a person who was the electrician of the corporation defendant, but who, in accepting that promise, in no way acted for or represented the corporation, cannot be set up in defense to an action against the corporation itself. The allegation that the plaintiff has not "fully paid" for stock which he holds is entirely consistent with the existence of the fact that the stock was duly issued without being fully paid, and that no assessment or call for further payment has been made. To entitle the defendant to set off a stock liability, it is requisite that the stock should have been issued as full paid, or that a regular call should have been made; and the affidavit is not as specific as it should be upon this point, because it wholly fails to state either the one or the other of the facts upon which any presently due indebtedness with respect thereto is dependent. Affidavits of defense must state facts; the effect of the facts stated is for the court. The allegation that the plaintiff, as president of the corporation, incurred debts on its behalf, "without consulting with the directors,

and directly against their wishes and authority," is also made in very general and somewhat equivocal terms, although specific statement of particular facts would not have been difficult; and, as respects this allegation, no information whatever is given "to enable him [the plaintiff] to take judgment for such balance as is not covered by the defense set up." The plaintiff's rule for judgment is made absolute.