# MANUEL JIMENEZ, Plff.

*v.*

# SAN JUAN LIGHT & TRANSIT COMPANY, Dft.

San Juan, Law, No. 479.

1. Estimated future profits from carrying passengers in an automobile are too remote to be recoverable in an action for damages from carelessness. of employees in charge of an electric car in striking and overturning such automobile, on the assumption that said accident would create among prospective passengers the fear that the chauffeur was incompetent.

2. The right to recover, as an element of damage, attorneys' fees spent in defending another action, is doubtful,—especially when the court records show that the action was dismissed.

3. When the only certain item of damages alleged is less than the jurisdictional limit of the court (no federal question being involved), and, of the other items alleged, some are remote and some doubtful, and the court cannot separate them, the case will be dismissed on the plea to the jurisdiction.

4. An *ad damnum* clause in a complaint, based in part upon claims not. legally provable, cannot, of itself, confer jurisdiction on the court.

5. The practice of stretching claims so as to give the court jurisdiction should be discountenanced.

Opinion filed October 12, 1907.

*Messrs. Pettingill & Leake,* attorneys for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

Jimenez v. San Juan Light & T. Co.

This cause is before the court on the issue raised by a demurrer interposed by the defendant in connection with its answer, which, it appears, is proper practice under the local code.

The action is for damages in the claimed sum of $2,500, said to have accrued to the plaintiff because one of defendant's street cars, as it is said, negligently collided with an automobile belonging to the plaintiff. The facts out of which the alleged cause of action accrue, as gathered from the declaration, are about as follows:

That the accident occurred on the 10th of May, 1907, at a point near the eastern limits of the city of San Juan, Porto Rico, where defendant's track crosses what is known as the military road, which was used by the automobile of the plaintiff. That the track at the point where it crosses the road, and for some distance before reaching that point, is considerably down grade; and it is contended that this fact placed upon the defendant the duty of exercising additional care as to the speed of its cars and the control and management of the same. That the defendant has no gates and maintains no guard at such crossing, and that it does not ring any bell or sound any gong to give notice of the approach of its cars to said crossing, and that the duty so to do is imposed upon it. That on said date plaintiff's automobile was approaching said crossing along said military road, in charge of one of the employees of plaintiff, who, as it is alleged, was then and there exercising all due and proper care in the management of said automobile; and that said chauffeur or driver then saw moving towards said crossing one of defendant's trolley cars, but that the same was still a considerable distance away from the crossing. It is further alleged that if said trolley car had, from the time it was thus seen

by the chauffeur, been run at a safe and ordinary speed and under proper control, such as was customary in and about the running of such trolley cars, the automobile of plaintiff could easily have crossed the track at a safe distance in front of it; and that, believing this, the said chauffeur continued on with the said automobile at the same customary, ordinary, and safe speed at which he was going when he first saw defendant's trolley car; but that, as it afterwards developed, and which was not at the time known to plaintiff's chauffeur and which he could not possibly then ascertain, the said trolley car of plaintiff, as it is alleged, was out of repair and not in condition to be properly controlled by the motorman in charge thereof, and that by reason of such defective condition, or because of the carelessness or inattention of defendant's servants, the said trolley car was not properly or carefully controlled, but was allowed to come down the last part of the descending grade, towards said crossing, at such a dangerous and terrific rate of speed as to make it impossible for the said chauffeur or driver of plaintiff's automobile to avoid a collision either by stopping his machine before reaching said crossing, or by clearing the same by the best speed of which the machine was capable; and that, in consequence, plaintiff's automobile was then and there struck, in and upon the rear wheels thereof, by the trolley car of defendant, and was overturned and damaged to the extent of $250, which plaintiff was obliged to expend to put the same in good condition again. Plaintiff then alleges that he had at the time several passengers for hire in his automobile, that he was carrying between the cities of Caguas and San Juan, who were alarmed and shocked by the occurrence, and one of them seriously injured, and that in consequence plaintiff has been subjected to a suit, jointly with the defendant company, by one of said passengers,

Jimenez v. San Juan Light & T. Co.

and has been put to large expense for attorneys' fees and other charges in and about the defense of said suit, wholly on account of the fault and negligence of the defendant.

Plaintiff then alleges that because of this occurrence his business of carrying passengers in his said automobile was injured and he sustained loss in that behalf, and that parties who would otherwise take passage for hire in his said automobile refrain from so doing through an unfounded fear that said accident occurred because of the negligence of plaintiff's driver, and that the business of plaintiff has been injured because of this until it is no longer profitable, while before said occurrence it gave plaintiff an average profit of $8 per day. Plaintiff then claims damages in the sum of $2,500.

The defendant demurs on the ground that the declaration does not state facts sufficient to constitute a cause of action, and counsel, in his argument and brief, points out, among other things, that the only specific damage for which the defendant could be held liable in any event, even were it guilty of the carelessness and negligence alleged against it, is the sum of $250 arising out of the damage to the automobile, and points out that this sum is insufficient to give this court jurisdiction, the act of Congress fixing the minimum jurisdiction here at the sum of more than $1,000, and there being no constitutional question on which jurisdiction could be claimed, irrespective of the amount in controversy. Defendant then follows with an answer specifically denying all of the facts upon which the liability is based, and charging the plaintiff with causing the said accident by the negligence of his said chauffeur, and denying that it was under any obligation to have a gate or watchman at the said crossing, or to ring any bell, or to sound any gong on its cars when approaching the same, and alleges that the

chauffeur of said automobile could and did see said trolley
car approaching when said automobile was more than
1,500 feet away.    Defendant, in its answer, further
denies that said car was out of repair, or that
it was not under proper control, or that its servants were guilty
of any negligence whatsoever in and about the conducting of
said trolley car at the time, and that its said servants in charge
of said trolley car expected, as they had a right to, the driver
of said automobile to decrease his speed, and not attempt to
cross the track in front of the said car, but that he failed to
do so.

Further answering, defendant asserts that if any of the pas-
sengers in the automobile were injured, as alleged, it occurred
from the carelessness of the chauffeur, and that if plaintiff has
been put to large expense for attorneys' fees in the defense of
any suit brought by passengers against him, the defendant is
in no manner responsible for the same, and as to the loss of busi-
ness alleged by the plaintiff, defendant answers that the same, if
it has occurred, is not because of any fault of defendant, and
that, in any event, the same is too remote, and does not in law
constitute any liability against the defendant.

The allegations of the declaration against the defendant, and
the latter's denial of the same, and its counter allegations
against the plaintiff, are so utterly contradictory of each other
that it is impossible, without hearing the proofs in the cause,
to determine which of the parties is really responsible for the
accident.    The damage to the automobile is fixed at $250, and
therefore the additional sum of $2,250, claimed to make the total
of $2,500, must, of course, be claimed on account of the costs and
expenses of defending this suit brought by the passenger against
plaintiff, and by reason of the loss to plaintiff's business.    De-

Jimenez v. San Juan Light & T. Co.

fendant claims that damages accruing under either one of these items is not provable or recoverable in a suit of this character. As to the loss of profits alleged, we think the position is well taken. In our opinion, it would stretch the rule too far to permit him to recover damages simply because people might refuse to ride in plaintiff's automobile because of this accident having occurred through the carelessness of the driver. There is nothing to prevent plaintiff from employing another driver, and it is fundamental that it devolves upon every person to reduce the damages which he would otherwise be entitled to claim from a defendant, by doing that which any reasonable man ought to do. This is so fundamental that it is not deemed necessary to cite authorities upon it. It seems to us that such damages are so remote and so uncertain, and it would be so difficult to prove or even say that the loss of business occurs because of any act of defendant, that a recovery ought not to be permitted. See 8 Am. & Eng. Enc. Law, p. 614, subhead (c); Foster v. Cleveland, C. C. & St. L. R. Co. 56 Fed. 434.

As to the other items of damages for expenses involved in the suit brought against plaintiff, it is a very grave question whether, under the circumstances here, the expenses of defending said suit can be recovered, especially as it is not alleged that plaintiff gave defendant any notice of the suit, so that the latter might defend it at the time it was brought, and it appears by the records of this court that suits numbered 473 and 474 on the law docket, which are probably the ones referred to, have been dismissed as to this plaintiff. See Sedgwick on Damages, § 241, pp. 360-362.

The Supreme Court of the United States in North American Transp. & Trading Co. v. Morrison, 178 U. S. 262, 44 L. ed. 1061, 20 Sup. Ct. Rep. 869, held that where a plaintiff asserts,

as his cause of action, a claim which he cannot be legally permitted to sustain by evidence, a mere *ad damnum* clause will not confer jurisdiction on the circuit court, but the court, on motion or demurrer, or of its own motion, may dismiss the suit.

Eliminating the item of loss to business, it leaves nothing to give this court jurisdiction as to amount, save this matter of attorneys' fees and costs, if any were in fact paid, and the item of $250 for damage to the automobile.

In a note on page 615 of the Am. & Eng. Enc. Law, vol. 8, it is stated that it was held in Balph v. Rathburn Co. 21 C. C. A. 584, 39 U. S. App. 297, 75 Fed. 971, that where, on the face of a pleading, a portion of the damages claimed were too remote and speculative to be recovered, upon a failure to show what part of the total damages claimed could be ascribed to the other legitimate causes for recovery set up, it must be held insufficient. It is impossible to say from this record how much of this $2,250 is claimed for loss of business and how much for defending the suit, and it is impossible now to say whether anything at all was in fact paid out on this latter account.

This court will not take and in fact has no jurisdiction of a cause unless it affirmatively appears from the complaint or declaration that the sum involved amounts to more than $1,000. The jurisdiction in cases involving $1,000 or less is in insular courts.

The only sum certain involved here is $250, and there is no malice alleged in and about the occurrence on behalf of defendant for which punitive damages could be given, and the same is not even demanded. It is admitted the court would not have a right to dismiss the suit if it were a case where punitive damages were asked for and could be allowed. The Supreme Court of the United States has discountenanced efforts to stretch demands

Jimenez v. San Juan Light & T. Co.

so as to bring the controversy within the jurisdiction of courts of the United States when the jurisdiction properly belongs to the state courts. It expresses itself in no uncertain terms on this question. See Bowman v. Chicago & N. W. R. Co. 115 U. S. 611, 29 L. ed. 502, 6 Sup. Ct. Rep. 192.

The demurrer will therefore be sustained, and, unless the declaration herein is amended within five days, so as to properly and rightfully show jurisdiction, the cause will stand dismissed.