BOWEN *et al. vs.* THE MAYOR, etc. OF GREENESBORO *et al.*

| 79 | 709 |
|----|-----|
| 86 | 611 |
| 79 | 709 |
| 496 | 575 |
| 79 | 709 |
| 106 | 733 |
| 79 | 709 |
| 113 | 886 |
| 79 | 709 |
| 120 | 36 |

1. Where, in 1886, an act was passed, authorizing the municipal authorities of the town of Greenesboro to hold an election on a day specified, to determine the question of issuing bonds for the purpose of constructing and furnishing a school-house for the white people and also for the colored people, and to purchase suitable real estate for such house or houses, and prescribing that, if two-thirds of the qualified voters should vote in favor of issuing bonds, the mayor and aldermen should issue them and provide for the payment of the principal and interest accruing thereon by local taxation, and also fixing the amount and character of such bonds, it was necessary, in order to incur a debt and issue bonds therefor, to comply strictly with the general law upon the subject of notice of elections and what that notice must contain, as provided in code, §508(i). In default thereof, the issuing and selling of such bonds, and the collection of a special tax to provide for the payment thereof, will be enjoined.

2. The general law requiring the publication of such a notice for thirty days, if the publication was made only twice, on January 21 and February 4, and the election was held on February 5, this was not a compliance with the requirements of the law.

3. Such a notice should have specified what amount of bonds were to be issued, for what purpose, what interest they should bear, how much principal and interest should be paid annually, and when they should be fully paid off. A notice which failed to comply with these requirements was not sufficient.

(a) The fact that the local act itself was published before the day of the election, and that it prescribed the amount of the bonds, the interest thereon, and when they were to be paid off, was not a sufficient compliance with the statute ; nor was the fact that, out of 189 voters, only 17 voted against the measure, a sufficient answer to the illegality of the notice.

4. Such a local act provided for an election to incur an indebtedness and issue bonds therefor, and fell within par. 1, sec. 7, art. 7 of the constitution, (code, §5191,) and not within par. 1, sec. 4, art. 8 of the constitution, (code, §5207,) which allows municipal corporations, upon the recommendation of the corporate authorities, to establish and maintain public schools by local taxation.

(a) Is it not necessary for a local law passed by the legislature, upon the recommendation of the municipal corporation, to establish and maintain public schools by local taxation, to be voted on as accepted by two-thirds of the qualified voters, before the law itself takes effect—*quære?*

December 8, 1887.

Municipal Corporations. Bonds. Constitutional Law. Elections. Notice. Publication. Before Judge JENKINS. Greene County. At Chambers, July 1, 1887.

Reported in the decision.

COLUMBUS HEARD, for plaintiffs in error.

H. T. & H. G. LEWIS; J. B. PARK, for defendants.

SIMMONS, Justice.

L. H. Bowen, Celestia C. Foster, Cassandra C. Hulbert and A. C. Morgan, filed their bill in Greene superior court against the mayor and aldermen of Greenesboro, alleging that they were residents and tax-payers in said town, and that the General Assembly had passed a local act, approved December 24th, 1886, to authorize the mayor and aldermen of said town to hold an election at the courthouse in Greenesboro on the first Saturday in February, 1887, to determine the question of issuing bonds; and in the event that two-thirds of the qualified voters residing in said town should vote in favor of issuing bonds, the mayor and aldermen were to issue bonds, and provide for the payment of the principal and interest accruing on the same by local taxation, for the purpose of constructing and furnishing a school-house for the white and also one

for the colored people, and to purchase suitable real estate for such house or houses; that the act provides for the issuance of bonds to the amount of $7,000, to run not exceeding twenty-five years, bearing interest at the rate of six per cent., payable semi-annually; and for the levy and collection of taxes on all the taxable property of said town, to pay the accruing interest and create a sinking fund for the payment of principal at maturity; that the mayor and aldermen of said town, on the 21st of January, 1887, published the following notice :

" *To the Citizens of Greenesboro, Greene county, Georgia:*

"Notice is hereby given that an election will be held at the court-house door in said city on the first Saturday in February, 1887, by virtue of an act of the legislature, to decide whether or not said city will issue bonds to build two school-houses, one for the whites and one for the colored people. January 21st, 1887.

JAMES B. PARK, JR., Secretary.    H. T. LEWIS, Mayor,"

The bill alleges that this notice was published a second time on the 4th of February, 1887; and on the following day, the said election was held and the result announced that a majority of two-thirds of the qualified voters had voted in favor of the issuing of bonds. The bill further alleges that, on the 11th of April, 1887, the mayor and aldermen adopted certain ordinances for the issuance of said bonds, under the provisions of said act, in the sum of $7,-000, providing for the amount of said bonds, the denomination thereof, the amount of interest payable thereon, and when due; providing further, that said bonds should be sold at public outcry the first Tuesday in July, 1887, to the highest bidder; and levying a tax to pay interest thereon and create a sinking fund for the ultimate redemption of said bonds; providing further, that the marshal of said town should make out a complete list of all tax-payers resident therein, or owning property therein and of all the taxable property, and assess taxes thereon, to be collected by said marshal. The bill alleges that said bonds had been prepared for issue; that on third of June, 1887, said

mayor and aldermen published a notice of sale, to take place on the first Tuesday of July, 1887, to the highest and best bidder, of seventy school bonds issued by said town, of $100 each, with six per cent. interest, payable semi-annually. The complainants further allege that there was no system of public schools in said town, and that it was not contemplated to establish such a system; that there was no provision made in said act for such a purpose; that the only provision was to build and furnish school-houses; and that the question of whether or not the people of said town wished said school-houses built and said bonds issued, had not been submitted to the qualified voters in the manner provided by law; that said election was illegal, in that it was advertised only on the 21st of January, 1887, and on the 4th of February, 1887, and that the election was held on the 5th of February, 1887, and that the advertisement did not specify fully the purposes for which the election was to be held, and that it was therefore illegal, not being held in the manner provided for by law. They prayed for an injunction restraining the defendants from issuing and selling said bonds, and collecting the special tax provided for in their ordinances, for the reasons above recited. The defendants answered the bill, admitting the the passage of the act of 24th December, 1886, and admitting that the election was held at the time and place set out in the bill, and that at said election there were 189 votes polled, 172 votes being polled for the issuing of the bonds, and only seventeen against. Further answering, they say that said act of the legislature fixed the day of said election, and did not require any further advertisement of the same; yet these defendants, being anxious that said election should be pefectly fair and generally known to the public, had such act published in the county paper in said county, together with a notice of said election held thereunder as soon as they could get a certified copy thereof; and that after said election, the whites and colored people having agreed upon the proper proportion

between said schools, the defendants, in accordance with said local act, passed an ordinance issuing said bonds, and advertising the sale of the same, as alleged in the bill.

This cause came on for a hearing on the bill and answer before the chancellor on July 1st, 1887; and he refused the injunction prayed for in said bill. The complainants excepted to said decision, and they bring the case here for review.

1. The main point insisted upon before us by counsel for the plaintiff in error was, that the election held on the first Saturday in February, 1887, was illegal and void for two reasons: (1) that the notice required by the act of 1879, (code §508(i),) was not given; (2) that the notice given of said election did not specify what amount of bonds were to be issued, for what purpose, what interest they were to bear, how much principal and interest to be paid annually, and when to be fully paid off, as required by said act of 1879.

The bill alleges that the notice was published the first time on the 21st of January, 1887, and the second time on the 4th of February, 1887, and that the election was held on the day thereafter. The act under which this election was purported to have been held was silent as to the length of the notice, and what said notice should contain. It was necessarily silent, because the legislature had already passed a general act upon the subject, and was forbidden by the constitution from passing any local act, after passing a general act upon the same subject of elections and notice.

2. The general law, as prescribed in section 508(i) of the code, provides that when any county, municipality, or division, shall desire to incur any bonded debt, as prescribed in paragraphs 1 and 2, section 7, article 7, of the constitution of 1877, "the officers charged with levying taxes, contracting debts, etc., for the county, municipality, or division, shall give notice for the space of thirty days next preceding the day of election, in the newspaper in

which the sheriff's advertisements for the county are published, notifying the people (qualified voters) that on the day named an election will be held to determine the question whether bonds shall be issued by the county, municipality, or division." The special act of December 24th, 1886, being silent as to these questions, we hold that they must comply with the general law upon that subject. It was alleged in the bill, and not denied in the answer, that this notice was only published twice, to-wit, on the 21st of January and the 4th of February; and the publication not being in accordance with the general law upon that subject, there was no authority to hold said election at the time and place it was held.

3. It is also alleged by the plaintiffs that the notice as given, even if it had been published a sufficient length of time, was not full enough, and did not comply with section 508(i) of the code. We think this ground is well taken. That section, as we said before, requires that the notice shall specify what amount of bonds are to be issued, for what purpose, what interest they are to bear, how much principal and interest to be paid annually, and when to be fully paid off. The notice published by the defendants was, in substance, that an election would be held on the day named, for the purpose of ascertaining whether the bonds should be issued or not, but did not specify the amount of bonds to be issued, what interest they were to bear, how much principal and interest to be paid annually, nor when they were to be fully paid off. It is insisted by the defendants in error that the act itself was published before the day of the election, and therefore that this act, prescribing the amount and interest of the bonds, and when they were to be paid off, was a sufficient compliance with the statute; and that out of 189 voters, only 17 voted against the measure. We do not think that this is a sufficient answer. The law requires thirty days' notice, and requires that notice to contain certain things.

When a county or municipality undertakes to incur a

debt, and to tax the people for the purpose of paying the interest and principal of that debt, they must comply with the law strictly.   Nor does it matter with how great a unanimity the action of the mayor and council is approved by the people, still, if there are four tax payers, or even one, objecting to incurring the debt, he or they have a right to appeal to the courts to prevent the illegal issuance of bonds as evidence of that debt.

4. It was also insisted by counsel for defendant in error that this act did not fall under paragraph 1, section 7, article 7 of the constitution, (code, §5191,) as to incurring debts, but that it was under paragraph 1, section 4, article 8 of the constitution (§5207), which allows municipal corporations, upon the recommendation of the corporate authority, to establish and maintain the public schools by local taxation.   We do not agree with counsel in this construction.   The act under consideration provides for the issuance of bonds,—which is to incur a debt.   It is true that the bonds were to be issued, not to establish a public school system, but to build school-houses.   It is not for the purpose of raising a tax, but for the purpose of issuing bonds.   Section 5207 of the constitution provides that municipalities may establish and maintain public schools, not by the issuing of bonds or the incurring of a debt, but by local taxation.   Was the election held on the 5th of February, 1887, an election provided for by this section of the constitution?   That election was to ascertain the wishes of the people as to whether the bonds should be issued or not.   Does not the latter clause of this section of the constitution (§5207), prescribe that no such local law as to establishing and maintaining public schools by local taxation shall take effect until the local law shall have been submitted to a vote of the qualified voters in said municipality, and approved by a two-thirds vote of the persons qualified to vote at such election?   Is not that the proper construction of that clause of the constitution?   Does not the local law passed by the legisla-

ture, upon the recommendation of the municipal corporation, to establish and maintain public schools by local taxation, have to be voted on and accepted by the qualified voters before the law itself takes effect ?    *Query.*

We therefore rule that when a county, or town, or city, desires to incur a debt and issue bonds therefor, they must comply strictly with the general law upon the subject of notice of election and what that notice must contain; and the defendants in error not having done this, the court erred in not granting the injunction prayed for.

Judgment reversed.