THE BERLIN IRON BRIDGE COMPANY v. THE BOARD OF
COMMISSIONERS OF WILKES COUNTY.

*Contracts of Counties—County Commissioners—Justices of the
Peace—Demand—Specific Performance.*

1. In an action for the purchase and construction of a bridge exceeding
   in cost five hundred dollars brought against a Board of County
   Commissioners, it appeared that the contract had been entered
   into by the defendants without the concurrence of the majority of
   the Justices of the Peace : *Held*, there is no liability imposed on
   the county.

2. There being no allegation that the possession of the bridge has been
   demanded and refused, the question of plantiff's right to hold
   possession cannot be considered.

This was a CIVIL ACTION, tried at the March Term, 1892,
of WILKES Superior Court, before *Armfield, J.*

This action was brought to recover the value of work and
labor done and materials furnished in building a bridge for
a county for which a lien had been filed in the Clerk's office.
A jury trial was waived, and the case was submitted to the
Court for finding the facts and declaring the law.

Verdict and judgment for defendant, and the plaintiff
appealed.

*Mr. R. B. Glenn*, for plaintiff.
*Mr. D. M. Furches*, for defendant.

SHEPHERD, C. J.: The agreement upon which this action
is founded was for the purchase and construction of a bridge
exceeding in cost the sum of five hundred dollars. Such an
agreement on the part of the Board of Commissioners, with-
out the concurrence of a majority of the Justices of the Peace,
has been decided by this Court to be invalid, and imposes no
constructual obligation upon the county. *The Code*, §§ 707,
2014, 2035. The Justices expressly refused to concur, and it.

appears that they did not authorize any of the payments made to the plaintiff. Neither did they ratify the contract by levying taxes for its performance, as was done in *Cotton Mills* v. *Commissioners of Cleveland*, 108 N. C., 678. Whatever may be the effect of retaining the consideration of an *ultra vires* contract in the case of a private corporation, it is plain that under the foregoing decision it can impose no contractual liability upon a municipal corporation of this character. There being, then, no contract, either expressed or implied, there is nothing to sustain a lien under the statute. *Weir* v. *Page*, 109 N. C., 220.

The plaintiff, however, insists that the Court should at least have given him a judgment for the possession of the bridge. As to this, it is only sufficient to say that this action is based upon the special contract, which, we have seen, cannot be enforced against the county. There is no allegation that the plaintiff has demanded possession of the bridge, or that defendant has refused to surrender the same.

Whether the defendant is excepted from the general principle, which forbids one to retain the fruits of a contract, and at the same time repudiate its obligation (*Skinner* v. *Maxwell*, 66 N. C., 45, and *Burns* v. *McGreggor*, 90 N. C., 222), is a question not presented in the record, and therefore need not be considered in this appeal. Affirmed.