PONDER *et al. v.* THE MAYOR & COUNCIL OF FORSYTH.

A notice of an election by the qualified voters of a city, held for the purpose below indicated, sufficiently complied with so much of section 508(i) of the code as requires such a notice to specify "what amount of bonds are to be issued, for what purpose, what interest they are to bear, how much principal and interest to be paid annually, and when to be fully paid off," when the notice specified that the election would be held at a given time and place, "to determine whether or not said city will issue $18,000 in bonds for the purpose of paying for a system of water-works for said city, said bonds to draw 6 per cent. interest payable annually on December 1st, to be of the denomination of $1,000 each, and to become payable as follows: Two bonds, or $2,000, on Dec. 1st of each of the years 1914, 1915, 1916, 1917, 1918, 1919, 1920, 1921; and one bond, or $1,000, on December 1st of each of the years 1922 and 1923; so that the entire issue will be paid in thirty years."    It was not essential to the validity of the notice that it should state the precise gross sum, in dollars and cents, to be annually paid as interest; the facts actually stated furnishing a basis by which a calculation could be easily and readily made showing the exact amount of interest so to be paid.

August 12, 1895.

Petition for injunction.    Before Judge BECK.    Monroe county.    April 10, 1895.

PERSONS & PERSONS, SAMUEL RUTHERFORD and HALL &
BOYNTON, for plaintiffs.

O. H. B. BLOODWORTH and R. L. BERNER, for defendants.

LUMPKIN, Justice.

An election was held in the city of Forsyth for the
purpose of determining whether or not the city should
issue bonds to the amount of $18,000 for the purpose
of paying for a system of water-works for that city.
The qualified voters, by the requisite majority, author-
ized the bonds to be issued for the purpose stated.   The
mayor and council thereupon. entered into negotiations
for the construction of the water-works; and in order
to raise money to pay for the same, were preparing to
issue the bonds.   Certain taxpayers of the city sought,
by an equitable petition, to enjoin the municipal author-
ities from so doing.   The judge denied the injunction,
and the plaintiffs excepted.

The only point insisted upon in this court was, that
the notice of the election failed to specify with suffi-
cient distinctness how much interest was to be paid an-
nually upon the bonds, as required by section 508(i) of
the code.   The material portions of the notice as ac-
tually given are copied in the head-note.   We think the
objection urged to this notice was not well founded.
The section of the code cited does not declare that the
notice shall state "the amount," but "how much" prin-
cipal and interest are to be paid annually.   The ques-
tion "How much?" may be answered either by naming
a specific sum expressly, or by indicating it clearly with-
out naming it.   One mode of indicating it clearly, and
with full certainty, is to give the *data* from which it can
be readily and certainly ascertained by applying the
simple rules of arithmetic.   It can well be presumed
that every reader of an advertisement (certainly as to
very simple operations) can add, subtract, multiply and
divide, when the requisite *data* are furnished to him in

a definite and unambiguous form; or at least, that he can easily procure some neighbor or friend to do so for him. The latter plan would necessarily have to be resorted to by many illiterate persons who might wish to cast their ballots intelligently upon the question submitted. Indeed, voters of this class, even where the notice specified a fixed and definite amount, so that no calculation at all was necessary, would have to depend, upon having the notice read and explained to them by some other person competent to do so, in order to obtain the requisite information. It concurs with common usage to answer the question "How much?" by naming a percentage upon a given sum. A man who gives a note for $1,000.00, with interest at 8 per cent. per annum, understands perfectly well that the contract binds him to pay $80.00 per year as interest, though his contract does not say this in so many words. And so a voter who is informed that bonds to the amount of $18,000.00 are to be issued, bearing interest at the rate of six per cent. per annum, will very quickly understand that the annual interest would be $1,080.00. He would also know that when $2,000.00 of the principal had been paid, reducing the aggregate principal to $16,000.00, the annual amount of interest on the latter sum would be $960.00; and so on. There is nothing difficult or complicated about it. A fixed proportion of, or per cent. on, a stated sum is no less certain than the sum itself. If the maxim "*id certum est quod certum reddi potest*" has a rational application to anything, it is to matters determinable by the elementary rules and operations of arithmetic. The maxim seems to fit questions as to amount or quantity rather better than those of any other class, for in no other instance is such absolute certainty attainable without express and positive statement. We think the terms of the notice with which we are now dealing would be sufficiently certain

even in an indictment. For a general discussion of the law relating to the power of a municipality to levy a tax when coupled with the condition that it be authorized by a popular vote, see 2 Desty on Taxation, pp. 1124, 1125. This author says, that where a petition for an appropriation "specifies a certain sum, 'or a sum equal to two per centum of all taxable property in said township,' it sets out the amount of the appropriation with sufficient certainty." See pages 1199, 1200, and cases cited under note 5.

It is true that in the case of *Bowen et al.* v. *Mayor &c. of Greenesboro et al.*, 79 *Ga.* 709, it was said that when a municipality undertakes to incur a debt and to tax the people for the purpose of paying the principal and interest of that debt, they must comply with the law strictly; and the same doctrine has been announced in many other cases. "Strict construction," as now understood, does not involve adherence to the very letter, but only requires that there should be absolutely no want of full and complete certainty as to all matters of substance. The notice now under consideration brings into clear and distinct legal daylight every particular and fragment of substance which the legislature had in contemplation in prescribing the terms or contents of such notices. The whole is not seen at one instantaneous view, but any one of ordinary capacity who looks with reasonable care and attention cannot fail to see all in a reasonable time.

Indeed, when one comes to look closely into the matter, there is, in the nature of things, an obstacle to signifying in advance, otherwise than by percentage, the aggregate of interest that will become due during the first year. Generally, it cannot be known exactly when the loan will be procured, or whether or not it can all be procured at one and the same time. Some of the bonds may be placed later than others, and this differ-

ence in time might amount to weeks, months, or even years. Certainly, none of the bonds ought to bear interest before they are actually negotiated. It is thus more accurate, literally as well as substantially, to say that six per cent. interest per annum will be paid on a specified debt, than to say that a definite number of dollars will be paid as interest annually on that debt. The meaning expressed by the percentage formula is, that interest at the named rate will be paid on the whole principal when the whole is outstanding; and on a part, when a part only is outstanding, whether this latter condition is caused by temporary failure to negotiate some of the bonds, or by having at a later stage discharged some of them by payment. This meaning concurs precisely with the truth and the right of the matter, and the impression is made which ought to be made. It is true that any calculation made on the percentage basis will, as a matter of course, partake of that degree of uncertainty necessarily incident to the contingency pointed out; but this uncertainty inheres in the nature of the case, and is no greater when the calculation is made by the reader of the notice than when made by the person who writes or dictates it.

The case of *Mayor &c. of Athens et al.* v. *Hemerick et al.*, 89 *Ga.* 674, is entirely different from the case at bar. There, the notice was wanting in two vitally essential respects: (1) the rate of interest was uncertain; and (2) there was no statement at all as to the annual payments of principal, the only thing disclosed being that all of it was to be paid in thirty years.

The court, in our opinion, was clearly right in denying the injunction.          *Judgment affirmed.*