## PETTEY v. DUNLAP HARDWARE COMPANY.

*Lumpkin, J.*—1. Money deposited in a bank to the credit of "P., agent," could be reached by a garnishment served upon the bank at the instance of a creditor of P.; and if the bank knew the creditor's contention was that this money in fact belonged to P. individually, and not to another for whom he claimed to act as agent in making the deposit, it could not, except at its peril, pay over the money to the alleged principal; and this being so, there was no occasion in such a case for the creditor to obtain an injunction to prevent the bank from so doing, although the debtor was insolvent.

2. It appearing at the hearing of an application for such an injunction, that the bank had answered denying indebtedness, and that its answer had been traversed, the injunction should have been denied, the plaintiff's remedy at law under the garnishment proceeding being ample and complete.

August 10, 1896.                    *Judgment reversed.*

Injunction.    Before Judge Felton.    Bibb county. February 5, 1896.

*Estes & Jones*, for plaintiff in error.
*Dasher, Park & Gerdine*, contra.

---

## MAYOR etc. OF PERRY v. NORWOOD et al.

*Atkinson, J.*—Under the principles announced by this court in the case of *Mayor & Council of Athens et al.* v. *Hemerick et al.*, 89 *Ga.* 674, the judge was unquestionably right in granting the injunction.                    *Judgment affirmed.*

August 10, 1896.

Injunction.    Before Judge Felton.    Houston county. May 15, 1896.

*R. N. Holtzclaw*, for plaintiff in error.
*Louis L. Brown*, contra.