### SCOTT *et al.* *v.* CROW, ordinary.

1. The statutory requirement that the notice inviting bids for the construction of a court-house, to cost more than $300, shall "embrace such details and specifications as will enable the public to know . . the terms and time of payment," is not complied with by a notice which states that certain proportionate parts of the contract price shall be paid at certain stages of the construction, without fixing the dates when such payment shall be made, or when the building shall be commenced or completed.

2. Under such illegal notice, no legal contract can be made; and a court of equity will, at the instance of citizens and taxpayers, enjoin the county authorities from letting any contract under such notice.

Argued October 3,— Decided October 15, 1904.

Petition for injunction. Before Judge Russell. Franklin superior court. June 7, 1904.

*J. B. Jones* and *W. A. Bailey*, for plaintiffs.

*J. F. Golightly*, for defendant.

SIMMONS, C. J. An equitable petition was filed by Scott and others, as citizens and taxpayers of the County of Franklin, against T. J. Crow, the ordinary of that county. This petition alleged, that the defendant was undertaking to build a new court-house for the county, and to that end was advertising a notice for bids; that the proposed new building would cost more than $5,000; that the advertised notice was illegal, in that it did not specify the terms or time of payment, and in other respects failed to come up to the statutory requirements. The petition also alleged, that the county had no money on hand with which to pay for the new building, and that it was the intention of the ordinary to pay at least a part of the contract price in county orders, payable at some future day, and that, further, the existing court-house building was suitable and adequate for all proper purposes. The prayer of the petition was for a restraining order, and that the defendant be permanently enjoined from accepting any bids and making any contract on the part of the county for the erection of a new court-house. To the petition was attached, as an exhibit, a copy of the "notice to contractors," advertised by the ordinary. This notice, after indicating the time for making bids and the character and extent of the building to be constructed, stated: "Payments are to be made in cash or county orders or drafts, and at such times as is specified below: The first payment of 15 per cent. of the contract price to be paid when the foundation is completed from bottom of footings to top of water table, and the first floor joists are on. The second payment of 20 per cent. of the contract price to be paid when the first story walls are up and the second floor timbers are on. The third payment of 20 per cent. of the contract price to be paid when the second story walls are completed and all ceiling joists

are on.   The fourth payment of 15 per cent. of the contract price to be paid when the roof is fully completed and covered and all the cornices are up.   The fifth payment of 15 per cent. of the contract price to be paid when the plastering is all completed, steel ceiling is up, and all floors laid.   The balance, 15 per cent. of the contract price, to be paid when the building is fully completed and accepted by the ordinary and county commissioners of Franklin county and architect, allowing thirty days to expire for the payment of all material furnished and labor done."   The notice then provided for a certified check to accompany bids, for a bond to be made by the contractor to whom the contract was let, and for the right to reject all bids.

The defendant demurred, and also filed an answer, in which he alleged, that the old court-house was unsafe and unfit for use; that the proposed new building would cost not more than $25,000, including the brick to be used which had already been purchased; that the building could be completed within four to six months, and that it was the intention of the defendant to have it completed as soon as practicable.   By amendment the petitioners amplified the allegations of the petition, and also averred that the tax to cover the cost of the proposed new building would be unnecessary and injurious to the petitioners and other taxpayers of the county.   They prayed that the defendant be enjoined from levying any tax for that purpose.   A temporary restraining order was granted and a rule nisi issued.   At the hearing, evidence was introduced as to the condition and safety of the old court-house. The judge below then vacated the restraining order and refused the injunction.   The petitioners excepted.

1. Our Political Code, § 345, prescribing the mode of contracting for building county court-houses etc., provides that whenever the cost is likely to be more than three hundred dollars, the proper officer shall publish a notice, calling for bids, "which notice and advertisement shall embrace such details and specifications as will enable the public to know the extent and character of the work to be done, and the terms and time of payment."   We think that the notice advertised by the defendant did not sufficiently comply with this requirement of the code.   It did not contain any data from which the public could know or could learn the time when payment for the construction would be made.   Pay-

ment was to be made in instalments, and each instalment was to be paid as the building reached a certain stage of construction. The *time* of the payment was not fixed except by making it coincident with some stage of the work, which was itself left indefinite as to time. The case differs essentially from *Ponder* v. *Mayor etc. of Forsyth*, 96 *Ga.* 572. In that case it was held, that, in giving notice of a bond election, the statutory requirement that the notice should state how much of principal and interest was to be paid off annually was complied with by stating that a given amount of the principal was to be so paid, together with interest at a certain per cent. on the whole unpaid principal. Such a notice gave data from which the amount to be paid annually could be readily and easily ascertained by a simple mathematical calculation, and this was held a sufficient compliance with the statute. In the present case the published notice gave no data from which the time of payment could possibly have been ascertained. It was left uncertain, and was not aided by making it coincide with the time the building reached certain stages of completion. Had the notice stated that the erection of the building was to be completed by a named date, then possibly the notice would have shown that payment was to be made by or before thirty days after that time, and would have been a sufficient compliance with the law. *Butts* v. *Little*, 68 *Ga.* 272. The date for the completion of the building was, however, left as uncertain as the date when the work should commence. It was argued that, as no time was expressly fixed, the law would imply that the building should be completed within a reasonable time. This, we think, is not true. The terms of the contract would determine what would be a reasonable time for the completion of the building, and such reasonable time could not be determined in advance of the execution of the contract. Indeed, when the contract was made, the parties might see fit to stipulate that the building should be completed at a named date which the public certainly could not have *known* from the notice. Nor do we think that the doctrine of implying a reasonable time ought to be applied to a notice which the law requires to state the time expressly. We must, therefore, hold that the notice published was not a sufficient compliance with the law.

2. "Where county commissioners invite proposals for the erection of a public building to cost $300.00 or more, and 'the terms and time of payment' are not stated in the notice and advertisement, a contract made in accordance with a bid submitted under such defective notice and advertisement is illegal." *Dyer* v. *Erwin*, 106 *Ga.* 845. "An indispensable prerequisite to the making of a lawful and valid contract is the inviting of offers or proposals, by advertising in accordance with § 345 of the Political Code." *Manly Bldg. Co.* v. *Newton*, 114 *Ga.* 245. It follows that the ordinary could not, under the notice published by him in the present case, have made a lawful contract for the erection of the court-house, and the court should, at the instance of citizens and taxpayers, have enjoined him from undertaking to do so. The refusal of the injunction was error.

*Judgment reversed. All the Justices concur.*