BERRIEN COUNTY *et al. v.* PAULK *et al.*

The officers charged with levying taxes, contracting debts, etc., for a county, published a notice for the requisite time, in the newspaper designated by statute, notifying the qualified voters that on the day named an election would be held to determine the question whether bonds should be issued by the county, specifying the sum of $500,000 as the amount of bonds to be issued, the purpose for which they were to be issued, the interest they were to bear, how much of the principal in stated amounts, and the interest, were to be paid annually, the dates of payment, and when the bonds were to be fully paid off. The election was held at the time advertised,

and resulted in favor of the issuance of the bonds as specified in the notice. At the hearing of the proceeding to validate the bonds certain residents and taxpayers of the county were made defendants, and they filed objections to the confirmation and validation, on the ground, among others, that a bonded indebtedness of $500,000 would greatly exceed seven per centum, the constitutional limit, of the assessed value of the taxable property in the county at the time the election was called, when it was held, and at the hearing. This fact the county officers admitted in their answer filed in the proceeding, but set forth that the assessed value of the taxable property in the county would authorize, under the constitutional limitation, an issuance of bonds to the amount of $350,000; and they prayed that the judge validate the bonds voted for to the amount of $350,000, stated amounts thereof and interest to be paid annually as designated. The judge, over protest of the objectors, rendered judgment validating the bonds to the amount of $350,000, as prayed by the county officers. *Held*, that the constitutional limitation of the indebtedness to be incurred by counties, municipal corporations, or political divisions of the State, to not more than seven per centum of the assessed value of all the taxable property therein, except as in the constitution provided (art. 7, sec. 7, par. 1, Civil Code of 1910, § 6563), as well as the statute (Civil Code of 1910, §§ 440 et seq.) prescribing the manner in which an election shall be held on the question of bonded indebtedness of counties, etc., shall be strictly construed. Applying this rule to the facts above stated the judgment of the Court of Appeals, reversing the judgment of the trial court, is affirmed.

No. 1949. JANUARY 13, 1921.

Certiorari; from Court of Appeals. *24 Ga. App.* 758.

The board of commissioners of roads and revenues of Berrien County, on April 10, 1919, ordered an election to be held in that county on May 14 thereafter, to determine the question whether bonds should be issued by the county to the amount of $500,000 for the purpose of the permanent building and improvement of roads and bridges in said county, the bonds to bear date of July 1, 1919, and to bear interest at 5 per centum per annum, payable annually on the first day of January in each year, and beginning with January 1st, 1920, and to be issued in denominations of $1000 each principal, and the total thereof to mature and be paid off as follows: $12,000 on the 1st day of January in each year from 1921 to 1925, both inclusive, being $60,000 in the aggregate; $14,000 on the 1st day of January in each year from 1926 to 1935, both inclusive, being $140,000 in the aggregate; $20,000 on the 1st day of January in each year from 1936 to 1945, both

inclusive, being $200,000 in the aggregate; and $25,000 on each January 1st, 1946-1949, inclusive; so that the last of said bonds shall mature and be paid off in full on January 1st, 1949.

The election was duly held, and the vote was declared to be in favor of the issuance of bonds to the amount of $500,000. On the hearing before the judge of the superior court, thereafter had in a proceeding to validate the bonds for that sum, it appeared that the sum of $500,000 exceeded seven per centum of the assessed value of all of the taxable property in the County of Berrien at the time such election was ordered, when it was held, and at the time of the hearing. Certain citizens and taxpayers of the county there objected to the validation of the bonds, for this reason. The board of commissioners of roads and revenues, in response to the petition filed for validation of the bonds, conceded in their answer that the taxable valuation of all the property in the county was not sufficient to authorize the issuance of bonds to the amount of $500,000 which had been voted for, but alleged that the taxable value of the property in the county at the time of the calling of the election, when it was held, and at the time of the hearing, would authorize the issuance of bonds to the amount of $350,000; and they prayed that the judge of the superior court, on such hearing, should grant an order conferring upon them the power to issue bonds in pursuance of such election to the amount of $350,000, stated amounts of such principal and interest to be paid annually. The judge thereupon granted the order prayed for. The parties objecting to the validation excepted to such order and sued out a writ of error to the Court of Appeals, which court reversed the judgment of the trial judge. The case is in this court by certiorari to the Court of Appeals.

*W. D. Buie* and *King & Spalding,* for plaintiffs in error.

*Quincey & Rice,* contra.

FISH, C. J. (After stating the foregoing facts.) The constitution of this State, article 7, section 7, paragraph 1 (Civil Code of 1910, § 6563), limits the amount of bonded indebtedness to be incurred by a county to not more than seven per centum of the assessed value of all of the taxable property therein. The statute providing the manner of incurring such indebtedness, embodied in the Civil Code (1910), § 440 et seq., declares, that, when any county shall desire to incur any bonded debt as prescribed in the

constitution above noted, " The officers charged with levying taxes, contracting debts, etc., for the county, municipality, or division, shall give notice for the space of thirty days next preceding the date of election, in the newspaper in which the sheriff's advertisements for the county are published, notifying the qualified voters that on the date named an election will be held to determine the question whether bonds shall be issued by the county, municipality, or division. In said notice he shall specify what amount of bonds are to be issued, for what purpose, what interest they are to bear, how much principal and interest to be paid annually, and when ·to be fully paid off."

" The policy of the law of this State is, and has been since the adoption of the present constitution, opposed to the incurring of debts by towns and cities; and it has therefore become the settled rule that all laws ·in reference to the course to be followed by the public authorities in obtaining consent to contract a debt in behalf of the taxpayers are to be strictly construed, and the consent of the taxpayers is never held to have been given in any case unless the requirements of the law providing the manner in which the debt shall be incurred have been strictly complied with in every material particular. *City of Dawson* v. *Waterworks Co.,* 106 *Ga.* 732 [32 S. E. 907]; *Smith* v. *Dublin,* 113 *Ga.* 836 [39 S. E. 327]." *City of Thomasville* v. *Thomasville Electric Light &c. Co.,* 122 *Ga.* 399 (50 S. E. 169). Substantially the same language above quoted was used in *City of Dawson* v. *Waterworks Co.,* supra, where the following cases were cited: *Walsh* v. *Augusta,* 67 *Ga.* 293; *Cabaniss* v. *Hill,* 74 *Ga.* 845; *Bowen* v. *Greensboro,* 79 *Ga.* 709 (4 S. E. 159); *Mayor &c. of Athens* v. *Hemerick,* 89 *Ga.* 674 (16 S. E. 72); *Ponder* v. *Forsyth,* 96 *Ga.* 572 (23 S. E. 498); *Mayor &c. of Perry* v. *Norwood,* 99 *Ga.* 300 (25´ S. E. 648). Another case in point is *Wilkins* v. *Waynesboro,* 116 *Ga.* 359 (2), 363 (42 S. E. 767), where, after reciting the statutory requirements of the notice for an election for the issuance of bonds, it is said: " If the notice fails in any of these particulars, it is an illegal notice in the sense that it is entirely ineffective to cause a legal election." Of course the same policy and rule apply to the incurring of debts by counties. The notice of election for the issuance of bonds in the case at bar, when considered as to the issuance of bonds for the sum of $350,000, failed to comply with the

statute in two particulars. The notice specified the amount of bonds to be issued in the sum of $500,000. This was no notice that the amount of bonds to be finally issued was to be in the sum of $350,000; and the notice in stating how much principal and interest was to be paid annually was based on an issuance of bonds to the amount of $500,000, and could not apply to the principal and interest to be paid annually on an issuance of $350,000 of bonds. It is manifest, therefore, that the notice in not specifying the amount of bonds finally sought to be issued, and how much principal and interest in respect of such bonds should be paid annually, was fatally defective in view of the decisions of this court hereinbefore cited, and resultantly the election was void.

There was nothing decided in *Heilbron* v. *Cuthbert,* 96 *Ga.* 312 (23 S. E. 206), in conflict with the ruling we here make. It was expressly stated in the opinion in that case that no attack was made on the published notice of the election for bonds on the ground that it specified a larger amount of bonds than the municipal authorities could constitutionally issue, and that if the point were meritorious it ought to have been made in the petition to prevent the issuing and selling of the bonds involved. We do not concur in the intimation made in that case, by way of obiter dictum, contrary to what we now hold.

In addition to what we have said, it may be stated that the notice of election in the instant case informed the voters of the county that the question to be voted on by them was whether bonds in the sum of $500,000 should be issued, and that stated amounts of the principal and interest should be annually paid; and to decide that, at the instance of the board of commissioners of roads and revenues of the county, the judge of the superior court could order the issuance of bonds for $350,000, with stated amounts of principal and interest in respect thereof to be annually paid, would in effect be holding that the voters, who alone had the right to determine the question submitted at the election, had delegated the power to the board of commissioners of roads and revenues and to the judge of the superior court, in their discretion, to issue bonds for a different though lesser amount, with different and lesser amounts of principal and interest to be annually paid, when no such discretionary authority could be so conferred. In this connection see Schultze *v.* Manchester, 61 N. J. L. 513

(40 Atl. 589) ; Stern *v.* Fargo, 18 N. D. 289 (122 N. W. 403, 26 L. R. A. (N. S.) 665) ; Hillsboro County *v.* Henderson, 45 Fla. 356 (33 So. 997). Cases dealing with bonds which had been issued and sold to innocent purchasers are not applicable to the issue involved in the case at bar.

We are aware that decisions have been made in other jurisdictions, seemingly not in harmony with the ruling we here make. If they can not be differentiated from the case at bar by reason of the mandatory requirements of our statute in respect of notice of elections for bonds, then we can not concur in such decisions. It follows, of course, from what we have said, that the judgment of the Court of Appeals is     *Affirmed. All the Justices concur.*