No. 27,333 and No. 27,360.

A. ROHR, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINN, *Appellee.*

No. 27,334 and No. 27,361.

THE WESTERN BRIDGE COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINN, *Appellee.*

SYLLABUS BY THE COURT.

COUNTIES—*Contract for Bridge Construction — Necessity for Indorsement by County Attorney.* A contract entered into by a board of county commissioners and a contractor for the construction of a bridge is not complete and binding so as to enable the contractor to recover damages for its nonperformance until the county attorney has indorsed on it his approval thereof under section 68-1118 of the Revised Statutes.

Appeals from Linn district court; EDWARD C. GATES, judge. Opinion filed May 7, 1927. Affirmed.

*John A. Hall,* of Pleasanton, for the appellants.

*H. D. Reeve,* county attorney, and *John O. Morse,* of Mound City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff in each of the four actions appeals from an order sustaining a demurrer of the defendant to the petition of the plaintiff and from an order thereafter made on the motion of the defendants dismissing each of the actions.

The petitions are identical and the question presented is the same in each of the actions. We will discuss the question presented in cases No. 27,333 and No. 27,360, each being entitled *A. Rohr, Appellant, v. The Board of County Commissioners of the County of Linn, Appellee.*

Counties, 15 C. J. pp. 543 n. 14, 552 n. 51, 52.

The question presented must be determined by an examination of the petition. It alleges that on January 2, 1923, A. Rohr and W. C. Wayland, partners, entered into a written contract with the defendants for the construction of a bridge in Linn county; that the plaintiff A. Rohr succeeded to all of the rights of the partnership under the contract; that after the execution of the contract, the defendants caused to be indorsed on the contract the following language: "Canceled, January 8, 1923, by board of county commissioners, Linn county, Kansas"; that on the day that the county commissioners indorsed the quoted language on the contract, the then county attorney wrote upon the contract the following language: "Void, bridge law not complied with, contract not approved; John O. Morse, county attorney"; and that on January 8, 1923, the defendants passed a resolution which was duly recorded as follows:

*"Be it resolved by the board of county commissioners of Linn county, Kansas, that:*

"Whereas, The board of county commissioners of Linn county, Kansas, believe that the law has not been complied with and that the previous board had no authority to make the order of December 14, 1922, directing the county clerk to advertise for bids for the construction of bridge known as section B, project 132, and bridge Nos. 1, 2 and 3 of section E., project 109.

"And had no power or authority to make the order of same date attempting to transfer and divert from the 'bridge fund to be raised from the incoming and present bridge fund tax levies' funds sufficient to pay for all the bridges above described after deduction of federal aid.

"And had no power to make the order of November 23, 1922, recorded in journal 14, page 180.

"And had no power or authority to make the order of December 16, 1922, accepting the bids of Western Bridge Company for construction of bridges known as section B, project E. 132, section E., project 109, and attempting to award the contracts for said bridges.

"And had no power or authority to make the attempted order of same day awarding contract for bridge No. 2, section E., project 109, to Rohr & Wayland at private letting, or the order attempting to award contract to Western Bridge Company for bridge No. 1, section E., project 109, at private letting.

"And had no power to make the attempted order of December 28, 1922, directing the chairman of board to sign the contract with Western Bridge Company for construction of the bridges attempted to be let to said company.

"And had no power to make the attempted order of January 2, 1923, directing the chairman of the board to sign a contract with Rohr & Wayland for construction of bridge No. 2 of section E., project 109.

"And believing that each and all of said attempted orders are void.

"And whereas, The attempted contract signed by the chairman of the board of county commissioners December 28, 1922, with Western Bridge Company

for constructing bridge known as section B., project 132, and bridges No. 1 and No. 3 of section E., project 109, and also the attempted contract signed by the chairman of the board of county commissioners January 2, 1923, with Rohr & Wayland for construction of bridge No. 2 of section E., project 109, have neither of them been approved by the county attorney, and have neither of them been delivered, and said contracts are neither of them binding on Linn county, Kansas, and that it is to the interest of Linn county not to build the said bridges or either of them at this time.

"It is therefore ordered by the board of county commissioners of Linn county, that each and all the orders herein referred to be and the same are hereby revoked. It is further ordered that the attempted contract signed by C. W. Allen, chairman of board of county commissioners, December 28, 1922, with Western Bridge Company, and the attempted contract signed by said C. W. Allen as chairman of board January 2, 1923, with Rohr & Wayland, for construction of bridges above referred to, and each of said contracts be and they are hereby revoked, and the chairman of the board is hereby directed to cancel each of said contracts on the face of same, and to cancel all duplicate copies of same; and the county clerk is directed not to deliver either of said contracts or any of the duplicate copies of same. The county clerk is directed to notify the Western Bridge Company and Rohr & Wayland of this order."

The petition further alleges:

"That the action of the defendant prevented the said Rohr & Wayland from proceeding with the performance of such contract. That the defendant failed, neglected and refused to proceed with the performance of such contract and failed, neglected and refused to permit Rohr & Wayland to proceed with the performance of such contract from January 8, 1923, until March 24, 1923."

The petition also alleges that the price of steel necessary to the performance of the contract advanced fifty cents a hundred pounds between January 8, 1923, and March 24, 1923; that it was necessary to use 206,000 pounds of steel in the construction of the work contracted for; that Rohr & Wayland were thus compelled to pay $1,032.59 more for steel than they would have been compelled to pay had they been permitted to enter upon the performance of their contract on January 8, 1923; and that the plaintiff duly presented his bill for that amount to the board of county commissioners, the defendant, which refused to allow the same or any portion thereof.

This contract was involved in *State, ex rel., v. Linn County*, 113 Kan. 203, 213 Pac. 1062, where this court said:

"Various objections to the validity of contracts for the construction of a number of bridges on a county road undergoing improvement with federal aid are held not to be well taken." (Syl. ¶5.)

The county attorney was commanded to indorse on the contracts his approval of them.

Part of section 68-1118 of the Revised Statutes reads:

"No contract shall be legal and binding on the county until said contract is signed by the chairman of the board of county commissioners, by order of said board at a legal meeting thereof, and approved by the county attorney by his signature indorsed thereon."

We quote from 15 C. J. 552 as follows:

"Where the mode and manner of contracting are not prescribed, nor the persons or agents by and with whom contracts are to be made, counties may make contracts in all matters necessarily appertaining to them in the same manner as individuals or other corporations. If, however, such mode and manner of contracting, or the officers or agents by and with whom contracts are to be made, are prescribed, the mode prescribed must be pursued."

Among the cases there cited to support the text is *Bridge Company v. Commissioners,* 111 N. C. 317, where the court said:

"In an action for the purchase and construction of a bridge exceeding in cost five hundred dollars brought against a board of county commissioners, it appeared that the contract had been entered into by the defendants without the concurrence of the majority of the justices of the peace: *Held,* there is no liability imposed on the county." (See, also, *Montgomery County v. Barber, Sheriff,* 45 Ala. 237; *Murphy v. Napa County,* 20 Calif. 497; *Scott et al. v. Crow,* 121 Ga. 68; *Carolina Metal Products Co. v. Taliaferro County,* 28 Ga. App. 57; *The Board of Commissioners of Henry County at al. v. Gillies,* 138 Ind. 667; *Supervisors v. Arrighi,* 54 Miss. 668; *C. to G. Highway v. Carothers & Co.,* 129 Miss. 645; *Sadler v. Eureka County,* 15 Nev. 39; *Collin County v. Schultz,* [Tex.] 243 S. W. 609; *Green v. Okanogan County,* 60 Wash. 309.)

In *Shawnee County v. Carter,* 2 Kan. 115, 128, this court said:

"The county is a political subdivision of the state acting as a corporation with certain specified powers, and acting through its officers in a certain prescribed way pointed out by law. These officers are the agents of the county, acting for it in all those matters confided to them by law, each in his appropriate and prescribed line of duties—and many, if not most of the duties intrusted to them are not only pointed out by the law, but the very mode of performing them is laid down with accuracy and precision. When so laid down there is no discretion in the officers as to the manner in which they are to act. In that respect they are ministerial officers and bound to observe the limitations imposed upon them by the law."

Until March 24, 1923, section 68-1118 of the Revised Statutes was not complied with.

Although this court in *State, ex rel., v. Linn County,* 113 Kan. 203, 213 Pac. 1062, compelled the board of county commissioners to recognize and carry out the contract and compelled the county attorney to indorse his approval on it, yet the contract was not so final and complete as would give to the plaintiff damages for its nonperform-

ance until the approval of the county attorney was indorsed on it. That was done on March 24, 1923, the last day for which the plaintiff claims damages by reason of the conduct of the defendant.

The demurrer was properly sustained, and the action was properly dismissed.

The judgments in all of the cases are affirmed.