## Case No. 5,095.

### FREMONT v. MERCED MIN. CO.

[1 McAll. 267.][1]

Circuit Court, N. D. California. Jan. Term, 1858.

[1] [Reported by Cutler McAllister, Esq.]

Hall McAllister, for complainant.
Cook & Fenner, for defendants.

McALLISTER, Circuit Judge. The bill in this case was filed to enjoin the excavation of gold from land alleged to be the property of the complainant. The bill was met by defendants with a plea to the jurisdiction of the court, on the ground that the complainant was not a citizen of the state of New York, as alleged in the bill, but was a citizen of California at the time; and that therefore the complainant could not sue the defendant, who is also a citizen of this state, in this court. A motion was then made on behalf of the complainant, for the issue of an injunction; which was resisted upon the ground that pending the plea to the jurisdiction, the court could take no further proceeding in the cause. To enjoin an alleged irreparable mischief is the object of the present proceeding. No defect of jurisdiction appearing on the record, the proper mode to avail of it is by plea. It is contended, however, that the filing of the plea has the effect of arresting all further proceedings in this court, and that it can make no order in regard to the injunction until the plea is disposed of. That the court cannot grant a perpetual injunction or hear an argument upon it, is evident. It will direct an immediate argument of the plea; and in a case of irreparable mischief alleged and not denied, it can issue a temporary injunction to stay the mischief until the obstacle interposed by the defendant's plea shall be removed. It cannot be that, assuming the fact averred in the plea may be true, the court must remain passive and permit the mischief to be wrought, because its jurisdiction has been questioned.

The case is simply this: The complainant in his bill has made the proper averments of citizenship to give jurisdiction to the court. So far, then, as the record is concerned, the jurisdiction of the court is perfect. The effect of such averments is to impart, prima facie, jurisdiction; and it is incumbent on the defendant who would impeach that jurisdiction for causes dehors the record, to do so not only by allegation but proof. Until this be done, the prima-facie jurisdiction derived from the record authorizes the court to retain the suit in such position as to enable it to preserve the rights of the respective parties in statu quo until the intervening obstacle to a decision on the merits is disposed of. An immediate opportunity will be afforded to the parties, the one to sustain, the other to falsify it. The issue, arising as it does in an equity suit, might be tried by the court. Such seems to have been the course pursued in the case of Shelton v. Tiffin, 6 How. [47 U. S.] 163. But as it is within the power of the court to inform its conscience by the verdict of a jury, the facts establishing the citizenship of plaintiff either in New York or this state, will be referred to a jury. Various cases have been cited; all, however, were common injunctions in which pleas or demurrers were filed. Even in such, the court have always speeded the trial of the issue raised by the demurrer or plea, in order to promptly reach the injunction. In an anonymous case (2 Atk. 113) it is said, "Where defendant has put in his plea to plaintiff's bill, the plaintiff cannot move for an injunction to stay defendant from proceeding at law till the plea, by some means or other, is removed out of the way; all that the plaintiff can do is, to move that the plea may be accelerated; which the court did." In Cousins v. Smith, 13 Ves. 166, Lord Erskine plainly indicates, he would have removed a demurrer, under similar circumstances, by ordering it to be argued immediately. In Humphreys v. Humphreys, 3 P. Wms. 395, the court said, upon motion of an injunction to stay, &c., after a plea put in, there can be no motion for an injunction; but, at the instance of the plaintiff, it was ordered that the plea should come on for argument the next day, and if overruled the plaintiff might move at the same time for an injunction.

If, therefore, a motion shall be made by the plaintiff to accelerate the removal of the plea, the court will direct the immediate trial of the issue raised by it. If no immediate disposition of it can be made, it will issue such order as will maintain the parties in statu quo until such is made.

The issue of citizenship was submitted to a jury; who having returned a verdict in favor of the plaintiff, the following order was placed upon the minutes of the court:—

Whereas, heretofore, a trial was had in above action in this court, on the law side thereof, before a jury impaneled for said trial, on the 14th, 15th, 16th and 17th days of June, 1858, upon the following issue: Whether John Charles Fremont was at the commencement of this action, viz., on the 8th day of May, 1858, a citizen of the state of California. And, whereas, the plaintiff and defendants appeared by their respective counsel, and evidence was adduced by both parties in reference to said issue at said trial; and, whereas, the said issue was duly submitted to the jury so impaneled as aforesaid, and thereafter said jury did render a verdict in the words and figures following, namely: "The jury in this case unanimously agree that John Charles Fremont was not, at the commencement of this suit, on the 8th May, 1858, a citizen of the state of California. San Francisco, June 17, 1858."

Now, I do hereby certify that said verdict

was found as aforesaid; and I further certify it is satisfactory to me.

M. HALL McALLISTER,
Circuit Judge, Circuit Court, U. S., for Dist. Calif.

San Francisco, June 18, 1858.