## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

BUFFALO AND ALS. v. TOWN OF POCAHONTAS AND ALS.

August 16th, 1888.

1. MULTIFARIOUSNESS.—A bill uniting a demand of several matters, distinct in their nature, against several defendants who are unconnected in interest and liability, is multifarious. *Bank* v. *Thornton*, 83 Va. 157.

2. IDEM—*Want of equity—Dismission at hearing.*—A bill to enjoin a town and its sergeant from collecting from plaintiff's employer the amount of a road tax, which, it was alleged, the sergeant had threatened to do, though not authorized by any town ordinance or general law; and to enjoin employer from paying the tax and deducting the amount from the plaintiff's wages, is not only multifarious, but presents no case for relief against the town, because it shows that it had not by ordinance directed the collection ; and none against employer, because plaintiffs have, as to him, an adequate remedy at law. And for such want of equity such bill will be dismissed at the hearing.

Appeal from decree of circuit court of Tazewell county, entered at its November term, 1887, in the chancery cause of William Buffalo and numerous other citizens of the town of Pocahontas, complainants, against the said town, Michael Rupert, sergeant of said town, and the Southwest Virginia Improvement Company, defendants. At the hearing the injunction, which had been awarded on the prayer of the complainants, was dissolved and their bill dismissed with costs, and they appealed. Opinion states the case.

*P. W. Strother*, and *F. S. Blair*, for the appellants.

*A. J. & S. D. May*, and *Henry & Graham*, for the appellees.

LEWIS, P., delivered the opinion of the court.

The bill was filed by William Buffalo, William Aiken, Willoughby Miller, C. H. Jones and E. Turner, ": tax-payers and inhabitants of the town of Pocahontas, suing for themselves and fifteen hundred other persons similarly situated," in which they charge that they have been notified in writing by one Mike Rupert, sergeant of the town, to work the streets of the town for two days, or to pay in money eighty cents per day. The bill also charges that this notice was given without any legal authority whatever, either on the part of the officer by whom it was served, or any one by whom it may have been directed to be done; that the town of Pocahontas is not authorized by its charter, or by any law, to require the complainants or other persons to work on its streets, and that no ordinance on the subject has been passed by the town council. It is also charged that the complainants, and many of those whom they represent, are employees of the Southwest Virginia Improvement Company, a company doing business in the said town, and that the sergeant of the town has notified the said company not to pay over to its employees, who are alleged to be in default in respect to the notice to work the streets as aforesaid, the sums claimed to be due by them respectively, namely, $1.60; and that one George Dodds, "superintendent of the said company, has been heard to express his intention, or that of the company, to withhold whatever amounts might be reported against complainants, and such other employees of the company as may deny the right of the town to exact two days' manual labor from them and refuse to perform the same."

And then the bill proceeds as follows: " Your orators charge, that if this fine was legal, which it is not, in the absence of any law, State or municipal, requiring this labor, that the said Southwest Virginia Improvement Company can only withhold their money and pay it over to the town of Pocahontas after being regularly garnisheed and judgment obtained thereupon. But,

as avowed, no such course will be pursued, and they will be deprived of their property, and the same paid over to the town of Pocahontas, from which it can never be recovered, because of its insolvency, there being no money in its treasury, and if recovered at all, it could only be by one or two thousand suits, either against the town, or the said company, in which event, if against the company, your orators, and others interested in this matter, would, in all probability, be discharged from its employment, so that this effort to deprive them of their money, as shown by agreement and collusion of the town and company, is a fraud from which they have no adequate remedy except by resort to a court of equity."

Accordingly, the prayer of the bill is, " that the town of Pocahontas, and Mike Rupert, town sergeant, be restrained from requiring said labor and penalty, and from collecting said $1.60, and that the said Southwest Virginia Improvement Company, and George Dodds, its superintendent, be enjoined from withholding and paying said $1.60 to said Rupert or any officer of the said town, but to account to your orators," etc.

Upon the filing of the bill an injunction was awarded. The Southwest Virginia Improvement Company afterwards demurred to the bill, and moved to dissolve the injunction—the other defendants making no defense—and the injunction was dissolved and the bill dismissed by the decree complained of, which also decreed costs in favor of the company.

It is very clear that in this decree there is no error, and that it must be affirmed as to all the defendants. At the same time, it is not disputed, nor can it be successfully controverted, that the tax-payers and inhabitants of a municipal corporation may, under special circumstances, maintain a suit in equity against the corporation or its officers, to prevent them from making illegal assessments, or from imposing burdens upon the people which are not authorized by law. And, to prevent a multiplicity of suits, where the persons affected are numerous, it is allowable, according to the settled practice in such cases, for

some to file a bill in behalf of themselves and all the others similarly situated, to obtain any relief to which they are justly entitled, although their individual interests may be several and distinct. *Bull* v. *Read,* 13 Gratt. 78; *Roper* v. *McWhorter,* 77 Va. 214; 1 Bart. Ch. Pr. 171; High Inj. §§ 353, 369; 1 Pom. Eq. § 260, *et seq.*

This rule is invoked by the appellants here; but as the bill upon its face shows no ground for equitable relief, it was rightly dismissed. It has been repeatedly held by this court, and the doctrine is well established, that if a bill does not state a case proper for relief in equity, the court will dismiss it at the hearing, though no objection has been taken to the jurisdiction in the pleadings, and that objection on that ground may be made at any time and in any court. *Morgan* v. *Carson,* 7 Leigh, 238; *Hudson* v. *Klive,* 9 Gratt. 379; *Green & Suttle* v. *Massie,* 21 Id. 356.

Here, the defects in the bill are obvious. In the first place, taking the theory of the bill to be true, it presents the case of an unauthorized order by the defendant, Rupert, requiring the complainants to work the streets of the town, for which it is not alleged that the town is in any degree responsible. On the contrary, it is expressly alleged that the council has passed no ordinance on the subject, or taken any steps in that direction; so that no case for relief, as against the town, is stated in the bill.

The bill is also demurrable for multifariousness in joining as a defendant the Southwest Virginia Improvement Company, there being thus united in one suit a demand of several matters distinct in their nature against several defendants, who are unconnected in interest and liability. Story Eq. Pl. § 271; *Dunn* v. *Dunn,* 26 Gratt. 291; *Wash. City Sav. Bank* v. *Thornton,* 83 Va. 157, and cases cited.

That the complainants, moreover, are not without an adequate remedy at law, in case the threatened wrongs of which they complain are committed, that is to say, if the money due them

is wrongfully withheld, or paid over to the town of Pocahontas, by the Southwest Virginia Improvement Company, is too plain to require discussion. The apprehension expressed in the bill, that the assertion of their legal remedies might result in the complainants' discharge from the service of the company, is surely no ground for the interference of a court of equity, and can hardly be seriously relied upon.

DECREE AFFIRMED.