# Richmond.

WITZ, BEIDLER & CO. V. MULLIN'S PERSONAL REPRESENTATIVE.

DECEMBER 20th, 1894.

1. EQUITABLE RELIEF—*Breach of contract.*—A claim for damages for a breach of contract to do some collateral thing, is not a fit subject for the jurisdiction of a court of equity.

2. IDEM—*Trust deed—Remedy.*—Where suit is brought to enforce a deed of trust whereby are secured " all the debts and liabilities of certain firms and of the individuals composing them " : *held,* no claim merely sounding in damages for breach of contract to deliver shares of stock, ought to be taken cognizance of by a court of equity, but the claimants should be left to their remedy at law.

3. CASES COMPARED.—*Nagle* v. *Newton,* 22 Gratt., 814, and *Campbell* v. *Rust,* 80 Va., 653, compared with and distinguished from the case at bar.

Appeal from decree of circuit court of Shenandoah county, rendered April 6, 1892, in a chancery cause styled H. K. Antrim and wife against D. F. Kagey and others. The decree being adverse to the defendants, Witz, Beidler & Co. and others, they appealed. Opinion states the case.

*R. T. Barton* and *Walton & Walton,* for appellants.

*M. McCormick* and *S. S. Turner,* for appellees.

LEWIS, P., delivered the opinion of the court.

The only question we deem it necessary to consider is, whether the circuit court, sitting as a court of equity, had ju-

risdiction to pass upon so much of "the Mullin claim" as is involved in this appeal. That claim consisted of three items, viz.: (1) Board bill, $125; (2) promissory note, $5,566 69; and (3) "the value of two hundred and fifty shares of the Valley Land and Improvement Company, $25,000." The controversy in this court extends only to the latter item.

It is conceded that the claim as respects this item sounds in damages. It grows out of an alleged breach of contract on the part of Kagey and Marshall to deliver to Mullin 250 shares of stock in the said company, which contract was evidenced by writing.

It is certainly a proposition not to be disputed, that a claim to damages for a breach of contract, merely sounding in damages, is not a fit subject for the jurisdiction of a court of equity. It is contended, however, by the appellee that it was competent for the circuit court to take cognizance of the claim to grant relief by way of damages, because such relief is merely incidental to the main object of the bill; and *Nagle* v. *Newton*, 22 Gratt., 814, and *Campbell* v. *Rust*, 85 Va., 653, are relied upon in this connection. In those cases it was held to be the settled doctrine that when a court of equity has jurisdiction of the case, and it is a case proper for specific performance, such court may, as ancillary to specific performance, decree compensation or damages. But the present is not a case of that sort. The object of the suit was the administration of a trust fund; in other words, to enforce a deed of trust, in respect to which only those persons secured in the deed were interested.

That deed was executed in December, 1890, by D. F. Kagey & Co. and by S. W. Miller & Co., and secures all "the debts and liabilities" of those firms and of the individuals composing them, many of which debts are specifically mentioned in the deed. No mention is made of any claim merely sounding in damages; and we find nothing in the deed, a copy of which is exhibited with the bill, to warrant the conclusion that any such claim was intended to be secured. The term "liabili-

ties" was evidently used synonymously with "debts;" for after specifically mentioning many debts, it was added: "and all other debts or liabilities of D. F. Kagey and J. W. Miller, individually and as partners, &c., without any preference or priority to any of the debts hereinbefore set forth or referred to," &c.; and then after providing that the trustees in the deed should settle their accounts every six months before a commissioner or commissioners of accounts, there follows a provision requiring notice of the time and place of such settlements to be given to all "creditors above referred to"; thus showing that only "creditors" were intended to be secured, and not those having a right to sue to recover damages for an alleged breach of a contract to do some collateral thing, as to deliver shares of stock. Webster defines "creditor" as "one who credits, believes, or trusts; one who gives credit in business matters; and hence, one to whom money is due."

We are constrained, therefore, to hold that the third item in the claim before mentioned, was not secured by the deed of trust, and hence that the circuit court, sitting as a court of equity, ought not to have taken cognizance of it; but ought to have left the parties to their remedy at law. Until a judgment is obtained, the relation of debtor and creditor cannot be said to exist; and when a judgment shall have been obtained, it can then be set up in the present suit. *Paxton* v. *Rich*, 85 Va., 378, 382.

It need only be added that the fact that objection to the jurisdiction was not made in the court below does not affect the appellants' right to raise the objection in this court, the matter in controversy not being proper for any court of equity; and in such a case objection to the jurisdiction may be made at the hearing, or even for the first time in the appellate court. *Green & Suttle* v. *Massie*, 21 Gratt., 356; *Buffalo* v. *Town of Pocahontas*, 85 Va., 222, 225.

It follows that the court below erred in refusing leave to the appellants to file a bill of review (although the jurisdictional

question was not specifically raised in the bill of review), and that the decree must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

DECREE REVERSED.