### AHERN v. NEWTON & B. ST. RY. CO.

(Circuit Court, D. Massachusetts. December 13, 1900.)

#### No. 1,435.

PRELIMINARY INJUNCTIONS—RESTRAINING ENFORCEMENT OF STATUTE.

A preliminary injunction will not be granted to restrain the enforcement of a statute regulating fares on street railroads at suit of a stockholder in such a company, notwithstanding there is a serious doubt of the constitutionality of the act, where it is not shown that either the company or its stockholders will suffer irreparable injury, or what amount of loss they will sustain, by a compliance with the act until final hearing.

In Equity. On motion for preliminary injunction.

Proctor & Warren, for complainant.
Powers, Hall & Jones, for defendant.
Hosea M. Knowlton, Atty. Gen., for the State.

COLT, Circuit Judge.    The plaintiff has not shown that either the stockholders or the railway corporation will suffer irreparable injury before a final hearing can be had in this case.    The act in question requires street-railway companies to transport scholars of the public schools to and from the school houses and their homes at one-half the regular fare charged other passengers.    There is no evidence as to the amount of injury which the railway company suffers, or is likely to suffer, from a compliance with this law.    This is a sufficient reason for refusing, at this stage of the case, a preliminary injunction.

Upon its face, the statute seems open to the objection of unreasonably reducing the rates charged by railroad companies, and to the further objection of discriminating in favor of a particular class in the community.    An act open to either of these objections has been held by the supreme court to be in violation of the fourteenth amendment to the constitution of the United States.    Chicago, M. & St. P. Ry. Co. v. Minnesota, 134 U. S. 418, 10 Sup. Ct. 462, 702, 33 L. Ed. 970;  Reagan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014;  Railway Co. v. Gill, 156 U. S. 649, 15 Sup. Ct. 484, 39 L. Ed. 567;  Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819;  Railway Co. v. Smith, 173 U. S. 684, 19 Sup. Ct. 565, 43 L. Ed. 858.    Notwithstanding I have grave doubts of the constitutionality of the act, as an important constitutional question is raised, and as the plaintiff has not clearly brought himself within the rules respecting the granting of preliminary injunctions, I think the case should stand over for full argument upon final hearing.    Motion for preliminary injunction denied.