## C. O. BURNS CO. v. W. F. BURNS CO.

### (Circuit Court, S. D. New York. August 26, 1902.)

1. **UNFAIR COMPETITION—PRELIMINARY INJUNCTION—LACHES.**
   A preliminary injunction to restrain unfair competition will not be granted on conflicting evidence, where complainant had known of the purposes and practices of defendant for a year and a half before commencing suit, during all of which time they were active competitors in business.

In Equity. On motion for preliminary injunction.

David A. Sullivan, for the motion.
Hastings & Gleason, opposed.

THOMAS, District Judge. The defendant was incorporated in September, 1900, and thenceforth its purposes and practices were known to the complainant. The bill was filed about April, 1902. Meantime the parties have been active rivals in business, pursuing each other in various states, and menaces and representations, true or false, on either side, have not been absent. After these mutual experiences the present suit was begun, and the differences are sought to be settled upon a motion for a preliminary injunction, and from the conflicting evidence presented by affidavits the court is expected to find the truth. The complainant tardily asks that the defendant, for some time treated as its rival, be condemned. Had it shown earlier zeal in bringing this suit and pressing it to trial, a final hearing could have been had long since; but during the period of its delay pecuniary damage does not seem to have befallen it, as the present records seems to show that it throve sparingly until the defendant's activity stimulated the business. The defendant has been guilty of some acts that it professes to have abandoned, and in view of all this it is thought that the complainant's laches and continued recognition of the defendant as a competitor should constrain it to await the final hearing for such relief as may be due it. Therefore the motion is denied.

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.