### BORDEN'S CONDENSED MILK CO. v. BAKER et al.

(Circuit Court, D. New Jersey. March 1, 1909.)

1. INJUNCTION (§ 114*)—ENFORCEMENT OF ORDINANCE—PARTIES.

A local board of health in the state of New Jersey is a public agency created under the authority of the state, from which it directly derives its powers, and is wholly independent of municipal control. Hence a town is not a proper party to a suit to enjoin the enforcement of an ordinance passed by a board of health, although the two exercise authority over the same territory in their different spheres.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 214; Dec. Dig. § 114.*]

2. INJUNCTION (§ 85*)—GROUNDS OF RELIEF—IRREPARABLE INJURY.

Pending a proceeding by certiorari in the Supreme Court of New Jersey to test the validity of an ordinance passed by a local board of health, in which the court made an order staying the enforcement of the ordinance until final decision, the petitioner cannot maintain a suit in equity in a federal court to enjoin such enforcement; there being no threatened irreparable injury to invoke the jurisdiction of that court.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 155, 156; Dec. Dig. § 85.*]

In Equity. On demurrer and plea to bill of complaint.

Charles D. Thompson, Gilbert Collins, R. V. Lindabury, George L. Nichols, and William M. Chadbourne, for complainant.

Robert M. Boyd, for defendant town of Montclair.

Edwin B. Goodell and Edward M. Colie, for defendants Baker and others.

LANNING, District Judge. The complainant seeks, by this suit, an injunction to restrain the defendants from enforcing certain provisions of "An ordinance establishing a Sanitary Code for the town of Montclair," passed by the local board of health of that town on April 7, 1907. The bill refers to the statutory law of the state of New Jersey, that there shall be a local board of health in every town, composed of members appointed in such manner as the governing body of the town may by ordinance provide, and declares, on information and belief, that the members of the local board of health of Montclair were appointed in accordance with that law. The defendants are the local board of health, the individual members of the board, and the town of Montclair. The town of Montclair demurs to the bill, alleging, as one of the grounds of demurrer, that it is improperly made a party defendant.

A local board of health, in the state of New Jersey, is not subordinated to any municipal authority whatever. It is a public agency,

created under the authority of the state, to protect the public health within a prescribed territory. While the boundaries of its territory are the same as those of the municipality from which it obtains the funds for its work, its powers are derived directly from the state, and it is wholly independent of municipal control. So free, indeed, is it from such control, that the governing body of the municipality is compelled to allow it such annual appropriations as it may demand, up to the sum of five cents per inhabitant of the municipality. Gen. St. N. J. 1895, p. 1641, § 34. No town authority can set aside an ordinance of a local board of health, or enforce obedience thereto. The town of Montclair, as a municipality, has no interest whatever in the administration of the laws of the sanitary district over which the local board of health has jurisdiction. The mere fact that the boundaries of the town and of the sanitary district are identical does not make the local board the agent of the town, or the town responsible for what the local board does. I think the demurrer should be sustained.

The local board of health and its members have filed a joint and several plea, setting forth that shortly before the complainant filed its bill it sued out of the New Jersey Supreme Court a writ of certiorari requiring the local board of health to certify to that court the above-mentioned ordinance, that the enforcement of the provisions of the ordinance requiring the tuberculin test to be applied to cows whose milk product is sold in Montclair was stayed by the court pending decision upon the writ, that the certiorari proceedings are still undetermined, that the objections to the ordinance set forth in the bill are also assigned in the certiorari proceedings as reasons for adjudging the portions of the ordinance complained of to be null and void, and that the certiorari proceedings afford to the complainant a complete and adequate remedy for any wrong or injury set forth in the bill.

The jurisdiction of this court is invoked by the complainant on the ground that the enforcement of the ordinance, in so far as it requires the tuberculin test to be applied to cows whose milk product is sold in Montclair, and in so far as it prescribes a penalty for failure to comply with such requirement, would deprive the complainant of its property without due process of law, would deprive it of the equal protection of the laws, and would be a regulation of, and interference with, interstate commerce, and that the complainant has no adequate remedy at law for the injury it would sustain from such enforcement.

Before the complainant filed its bill in this court, it chose the Supreme Court of the state of New Jersey as the forum in which it would test the validity of the ordinance. The objections to the ordinance there assigned include those assigned here. It obtained from that court an order staying the enforcement of the ordinance as against it up to the time of final decision upon the writ. In other words, it secured from the New Jersey court an injunction against the enforcement of the ordinance until final judgment should be entered by that court. That proceeding is still pending. The injunction in its favor is still operative. What equitable right, then, has it to another injunction from this court? There is no pretense that the local board

of health, or any of its members or agents, intend to do anything, during the pendency of the certiorari proceedings, that will in any wise interfere with the business of the complainant. If this court should be of the opinion that the provisions of the ordinance complained of are void, and that the complainant ought to be protected against the enforcement of those provisions, the practical effect of an injunction issued now would be merely to afford that protection at some time in the future, if the Supreme Court of New Jersey, differing with this court, should conclude that the complainant is not entitled to protection. I have not heard that any court has ever granted any such provisional, conditional, or contingent injunction.

Counsel for the defendants admit, in their brief, that:

"Until final determination the operation of the ordinance is suspended by virtue of the writ of certiorari and by virtue of the special order of the New Jersey Supreme Court."

The complainant seeks an injunction from this court for the protection of its property rights. Those rights are not now in jeopardy. No suit against the complainant for the enforcement of the ordinance has been commenced. None can now be commenced. None can ever be commenced unless it be ultimately decided in the certiorari proceedings that the ordinance is valid or that the writ of certiorari should be dismissed. Whether, if such a decision be rendered, the complainant will then be entitled to injunctive relief, is a question not now to be decided. The present facts show that the case is not one in which the extraordinary remedy by injunction can now be properly invoked.

Therefore the plea, also, will be sustained.