OWSLEY et al. v. YERKES et al.

(Circuit Court, S. D. New York. January, 1911.)

INJUNCTION (§ 137*)—PROCEEDINGS AT LAW—TEMPORARY INJUNCTION.

Where a suit to restrain proceedings at law, instituted by a widow to conserve and increase her interest in her deceased husband's estate, involved important and difficult questions, the determination of which was doubtful, a preliminary injunction pendente lite would not be granted on affidavits, under the rule that equity will not issue a preliminary injunction in a doubtful case.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 137.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

In Equity. Bill by Louis S. Owsley and others against Mary Adelaide Yerkes and others. On motion for temporary injunction. Denied.

W. Orison Underwood and Lawrence E. Sexton, for complainants.
James Russell Soley and Russell H. Robbins, for defendants.

COXE, Circuit Judge. The bill asks for relief as follows:
First. For a temporary injunction enjoining the defendants from instituting or further prosecuting any litigation against the estate of Charles T. Yerkes or its executor, or directly or indirectly interfering with the administration of the estate.
Second. That the injunction so prayed for be made permanent.
Third. That the defendants be restrained temporarily and permanently from prosecuting proceedings and suits commenced by Mary

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Adelaide Yerkes and others against these complainants, Owsley and others, in the courts of Illinois and New York.

Fourth. For damages sustained by the complainants by reason of the alleged violation by the defendants of an agreement of settlement made November 11, 1909, between the parties.

In short, the bill proceeds upon the theory that by the said settlement agreement, and particularly the ninth clause thereof, all matters in dispute between the parties, past and future, were settled, and that the defendants have, and can have, no cause of action against the complainants except to enforce the agreement. The ninth clause is as follows:

"Ninth. The widow shall not directly or indirectly institute or prosecute any further litigation against the executor or the estate, except that it is understood and agreed that this agreement shall not in any way limit or affect the right of the widow to institute or prosecute any action or proceeding necessary or proper to enforce this agreement or a decree confirming the same or the terms thereof, or for the purpose of securing any rights of hers hereunder, nor shall this agreement in any way limit or affect the right of the widow to assert any rights or claims which she may have waived in pursuance of this agreement in case of a failure to obtain the order as provided in paragraph first hereof, and she is not otherwise directly or indirectly to interfere with the due and prompt settlement of the estate or to take or prosecute any appeals from any orders duly entered by the Probate or Surrogate's Court having jurisdiction of the subject matter. The purpose of this agreement is to avoid all further litigation between the various parties in interest, except as herein provided, and to effect a settlement of disputes and to insure the co-operation with the executor of all parties in interest in securing the best results in the settlement of the estate."

The defendant Mrs. Yerkes has demurred to this bill on the ground (1) that it fails to show any ground of equitable relief, and (2) that this court has no jurisdiction of the action.

The defendants contend that the suits which they have commenced and the proceedings they have taken since the said agreement of settlement are not only not contrary to its provisions, but are expressly authorized by the said agreement. They point in confirmation of this contention to the following language of the agreement:

"Except that this agreement shall not in any way limit or affect the right of the widow to institute or prosecute any action or proceeding necessary or proper to enforce this agreement, or a decree confirming the same or the terms thereof, or for the purpose of securing any rights of hers hereunder."

It is insisted that under this provision, authorizing the widow to bring an action for the purpose of securing her rights under the agreement, she was authorized to bring the actions and proceedings in controversy, and that they were, and are, necessary in order to conserve and increase her interest in the estate.

The defendants also contend that a bill whose sole or principal object is to obtain relief by injunction restraining proceedings in state courts cannot be maintained, such an action being expressly forbidden by section 720 of the Revised Statutes (U. S. Comp. St. 1901, p. 581), which is as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of the state, except in cases in which such injunction may be authorized by any law relating to proceedings in bankruptcy."

Again, it is contended that in no event can this court enjoin proceeding in the probate court of Illinois or the ancillary proceedings in the Surrogates' Court of New York. It is argued that the proceedings taken there by the defendant Mrs. Yerkes are regular and proper, and those which any beneficiary has a right to take. In brief, the contention of the defendants is that the suits now sought to be enjoined were instituted before this action was commenced, and that jurisdiction of the questions there involved was taken by the state courts, and that this court has no jurisdiction in the premises, but even if it had, it would be a grave abuse of its power to exercise it in such circumstances.

It is a cardinal rule of equity not to issue a preliminary injunction in a doubtful case. If a fair doubt exists as to the propriety of the injunction it should not issue in limine, but should await a final hearing. For obvious reasons I refrain from expressing an opinion upon the many important and difficult questions argued on this motion. Indeed, the propriety of a definitive decision at this stage of the proceedings may well be questioned. It is enough that upon almost every question mooted there is doubt sufficiently grave to justify a refusal of the injunction.

Every question presented by this bill can be argued and decided in an orderly manner in the actions and proceedings now pending. If the complainants are correct in their contention that the defendants have no rights or are barred from asserting them, there should be little difficulty in impressing this view upon the courts whose duty it is to hear and decide in the pending actions and proceedings. If, on the contrary, the defendants have substantial rights which are being jeopardized or destroyed by the complainants' conduct, it would be a grave injustice to smother and destroy them by a summary injunction. If the defendants be right in their contention, it may result in the recovery of large sums of money for the benefit of the estate. I do not wish to be understood as asserting that they are right; it is enough that I am not now prepared to say that they are clearly wrong.

I cannot resist the conclusion that an attempt to put an end by injunction to all the defendants' proceedings would be an unwarrantable use of the writ.

The motion is denied.