King, J.,
delivered the opinion of the court.
This action for recovery of the possession of real property was brought by Addison E. Millett, appellee here, as plaintiff, alleging that he was the owner in fee simple and entitled to the .immediate possession of said property, and that the defendant wrongfully withheld possession of and exercised acts of ownership over the same. Thereafter, one Eoy C. Stout, a minor, by his next friend, intervened, alleged that lie was the owner of an undivided one-third interest in said property by inheritance from his father; adopted all allegations of the complaint as true, with the exception that he alleged that plaintiff was the owner of only an undivided two-thirds interest in the land; asked to be made a party plaintiff, and that the defendant be ruled to answer as to both plaintiffs. Thereafter defendant filed its answer consisting of a general denial, with a prayer that it be adjudged the owner and entitled to possession of the premises mentioned in the complaint. At the trial plaintiff *466 deraigned title from the government by mesne conveyances, and the intervenor through mesne conveyances and by inheritance from his father, — plaintiff to an undivided two-thirds interest and the intervenor to an undivided one-third interest. Defendant offered no evidence, and its appeal is predicated upon alleged errors of the trial court as to amendments of pleadings and- admission of evidence, and insufficiency of the evidence to sustain the judgment, which will be considered so far as deemed necessary.
1. In May, 1907, defendant served a copy of its answer on plaintiff’s attorney. The cause was tentatively set for trial a number of times, and finally, by written stipulation, came on for trial July 7th, 1910, at which time it was discovered that no answer had been filed. Application to file the same at that time was objected to by plaintiff unless it be filed as of May 8th, 1907, about the time of the service of a copy thereof on plaintiff’s attorney. This objection was sustained and the answer filed July 7th, 1910, as of May 8th, 1907. This ruling and action of the court defendant contends was prejudicial error, for reasons hereinafter stated. Defendant then made application to file its supplemental answer in words and figures as follows:
‘ ‘ Comes now the defendant by R. H. Gilmore, its attorney, and files this its supplemental answer herein, and states that on the 6th day of July, A. D. 1910, the county treasurer of said county issued to the defendant a correction tax deed conveying the lands described in the complaint. And on the same day the same was filed for record in the recorder’s office of said county, and duly recorded in book 83 on page 386 of the said records. That the defendant incorporates herein the denials contained in the original answer to which this is supplemental, and prays for same relief as in the original answer.”
This application was supported by affidavit of the *467 attorney to the effect that some time after the first of July, and after the cause had been set for trial, he discovered that the tax deed upon which he was relying was void, and that he had made application- to the county treasurer for a correction deed, which was executed July 6th, and on that date filed for record, and that he did not know 'until the day of the trial, to wit, July 7th, that the same had been obtained. Upon objection of the attorney for plaintiff the court declined to permit said supplemental answer to be filed, for reasons which do hot appear except as they may be indicated by the affidavit of plaintiff’s attorney showing that the cause had been pending for more than three years, set for trial a number of times, and both plaintiff and his attorney had come a long distance and at great expense, to try the cause, and were not prepared to go to trial upon the issues raised by the supplemental answer. Defendant insists that this ruling of the court, as well as that of filing its answer as of May 8th, 1907, was prejudicial error, for the reason that defendant was thereby debarred from proving its alleged title, acquired after the suit was begun, under its alleged correction tax deed. While we think the court might well have exercised its discretion by allowing the supplemental answer to be filed, nevertheless, it was discretionary with the court, and, in view of the evident laches of the defendant, as shown by the delay of three years after the cause was begun, without any satisfactory explanation for such delay, we cannot say that the court abused its discretion. And it is evident that the defendant was not debarred by any ruling of the court from offering its alleged correction tax deed in evidence. The court had no opportunity to rule upon the question of its admissibility. Upon inspection it might have been ascertained, as asserted by plaintiff, that it also, as well- as the deed of which it was an amendment, was void on its face. There is nothing in the supplemental answer, or elsewhere in *468 the record, which alleges, or attempts to show, that the correction tax deed was in fact valid. The word “correction” ought to mean “amendment to speak the truth.” No presumption can be indulged that speaking the truth as to the sale would validate the deed. If such deed was void, its admission would have been unavailing; and, in its absence from the record, this court is unable to say that the ruling of the trial court, by reason of which appellant contends it was prejudiced, was in fact prejudicial, under the facts here presented.
2. Section 295 of the civil code (Rev. Stats., ’08) provides that in an action of this kind “if the defendant files or makes any other answer or defense than a disclaimer of title or right of possession, it shall not be necessary for plaintiff to prove him (-defendant) in possession of the premises at any time.” For its answer, defendant filed a general denial and asked affirmative relief. By reason of such answer and the code provision mentioned, plaintiff was not required to offer proof, either of the possession of the defendant or acts of ownership by it.
3. Plaintiff alleged that the value of the matter in controversy did not exceed the sum of two thousand dollars, but offered no proof thereof, nor does anything appear in the record as to the value of the land. Appellant earnestly contends that in the absence of such proof the court had not 'jurisdiction to enter the decree. We do not so understand the rule. We are not aware of any case in the supreme or appellate courts of this state, or elsewhere, in which the precise question here involved has been decided or presented. But we think that inasmuch as the allegations of the complaint, in conformity with the statute, gave the court jurisdiction of the subject-matter, its jurisdiction to pronounce the judgment cannot be questioned upon appeal, unless something affirmatively appears which would operate to divest the *469 jurisdiction rightfully acquired in the beginning. — Denver W. & P. Ry. Co. v. Church, 7 Colo., 143, 2 Pac., 218. Moreover, this question was not raised in, nor in any manner called to the attention of, the trial court, nor directly by the assignments of error, or otherwise, in this court, until the filing of the brief and argument of appellant. And, although for want of proper averment, or for evident lack of jurisdiction ab initio, the question of the jurisdiction of the court may be raised at any time or place, we do not understand that as a matter of proof it can be successfully raised for the first time upon appeal, unless, as has been said, the want of jurisdiction appears affirmatively from the record. Furthermore, we think the allegation of jurisdiction is not properly put in issue by a general denial, but that it should be specially controverted or put in issue; and, that if so controverted, the burden of ousting the court of jurisdiction by proof is upon the party seeking its divestiture. It is so held in the- federal courts as to the allegation of diverse citizenship necessary to give such courts jurisdiction, and as to the burden of proof if controverted. These cases are sufficiently analogous in principle to furnish authority for our conclusion. — Foster v. Cleveland, etc., Ry. Co., 56 Fed., 434, and cases cited; Fremont v. Merced Min. Co., 1 McAll., 267, Fed. Cas. No. 5095. The allegation under consideration is not of a matter which goes to the merits of the case, and -therefore not strictly governed by the rule that necessity for proof follows that of allegation.
Other questions are raised which have received consideration, but which we think do not require especial mention in this opinion. Finding no substantial error in the record, the judgment is affirmed.