### KELLY–SPRINGFIELD TIRE CO. v. KELLEY TIRE & RUBBER CO.

(District Court, D. Delaware. July 21, 1920.)

No. 385.

**Trade-marks and trade-names and unfair competition ☞95(1)—Temporary restraint of use of family name not granted on conflicting affidavits.**

A preliminary injunction restraining defendant from using a family name in his business should not be granted on conflicting affidavits, in the absence of compelling necessity and where the plaintiff has delayed bringing action.

In Equity. Bill by the Kelly-Springfield Tire Company against the Kelley Tire & Rubber Company. Preliminary injunction denied.

Frank F. Reed and Allen M. Reed, both of Chicago, Ill., Herman G. Kopald, of New York City, and David J. Reinhardt, of Wilmington, Del., for plaintiff.

Charles Neave and Stephen H. Philbin, both of New York City, and Charles Warner Smith, of Wilmington, Del., for defendant.

MORRIS, District Judge. Kelly-Springfield Tire Company, a New Jersey corporation, now and for many years last past engaged in the manufacture and sale of pneumatic tires and tubes for automobiles and rubber tires for trucks and carriages, by its bill of complaint charges the defendant, Kelley Tire & Rubber Company, a Delaware corporation, engaged in the sale of pneumatic tires and tubes for au-

tomobiles, and contemplating also the manufacture of such tires and tubes, with unfair competition in trade, and moves for a preliminary injunction restraining the defendant from using the word "Kelly," "Kelley," or any like word or name, alone or·in combination, in its business, upon its products, or as a part of its corporate title.

The answer of the defendant expressly denies fraud and unfair competition. There is an irreconcilable conflict upon crucial points of fact between the ex parte affidavits filed on behalf of the respective parties. The defendant bases its claimed right to the use of the word "Kelley" upon the fact that the name of one of its organizers, its president and active chief executive, is Kelley, avers its good faith in the use of that name, attempts to show that it has done nothing to confuse its business or goods with those of the plaintiff, and that it has taken all reasonable precautions to forestall any possible confusion on the part of the public, and denies that the word "Kelly," as used by the plaintiff, had, at least prior to the organization of the defendant, acquired a secondary or trade meaning.

Whether a plaintiff in cases of this nature, involving the use of a family name, is entitled to any relief, and, if so, the character thereof, turns largely upon the precise facts. Nims on Unfair Competition and Trade-Marks (2d Ed.) § 70. A determination of the relative rights of the parties under such issues should not, in the absence of compelling necessity, be ventured upon conflicting affidavits. The Circuit Court of Appeals of this circuit, in Lare v. Harper & Bros., 86 Fed. 481, 483, 30 C. C. A. 373, 376, said:

"It is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case. * * * If there be any substantial doubt as to the right to a preliminary injunction in such a case, it should be refused."

But, apart from the foregoing considerations, it appears that the plaintiff knew the purposes and objects of the defendant and its corporate name within a few days after its organization in February, 1919. In the following month of May the plaintiff filed before the Federal Trade Commission an application for complaint against the defendant, which application, after investigation and consideration, was, on July 21, 1919, dismissed. The bill of complaint herein was not filed until April 27, 1920. In the meantime the defendant had, in carrying out its corporate purposes, purchased a factory site, begun the erection of its factory, contracted for its equipment, including molds, and spent thousands of dollars in building up a good will and organization, and, under its corporate name, widely advertised its tires and tubes. Nims on Unfair Competition and Trade-Marks (2d Ed.) § 415, says:

"Delay in suing * * * will be considered by the court on an application for a preliminary injunction, and has often been held to bar the right to the interlocutory relief."

To like effect are Pope Manufg. Co. v. Johnson (C. C.) 40 Fed. 584; C. O. Burns Co. v. W. F. Burns Co. (C. C.) 118 Fed. 944; Brush Electric Co. v. Electric Storage Battery Co. (C. C.) 64 Fed. 775; Valvoline Oil Co. v. Havoline Oil Co. (D. C.) 211 Fed. 189, 195.

This rule seems particularly applicable where, as in this case, the inaction of the plaintiff has not been satisfactorily explained, and a final hearing may be had without delay. Further, the plaintiff will not suffer much, if any, additional loss or damage during the intervening period, while, if an interlocutory injunction were improperly granted, the resulting injury to the defendant would be great and irreparable.

A careful examination of the pleadings, affidavits, and exhibits fails to convince me of the propriety of issuing a preliminary injunction. A decree in accordance with this opinion may be submitted.